**M. F. A. MUTUAL INSURANCE COMPANY, a Corporation, Appellant,**

v.

Jeanetta M. HILL, Barney Malone, and Lillie Radabaugh, Administratrix of Loran Radabaugh, Deceased, Respondents.

No. 46798.

Supreme Court of Missouri, Division No. 2. Feb. 9, 1959.

Ward & Reeves, James E. Reeves, Caruthersville, for appellant.

Ford & Ford, James F. Ford, Kennett, for respondent, Jeanetta M. Hill.

Jones & Jones, Robert H. Jones, Kennett, for respondent, Barney Malone.

STORCKMAN, Presiding Judge.

A Ford automobile, insured by the plaintiff and owned by Loran Radabaugh, was involved in an accident in which the owner was killed. The plaintiff insurance company brought this action against the owner's administratrix and the two other injured occupants, Jeanetta M. Hill and Barney Malone, in two counts, one for interpleader under Section 507.060, RSMo 1949, V.A.M.S., and the other for a declaratory judgment pursuant to Sections 527.010–527.140 RSMo1949, V.A.M.S. The first count seeks to require the defendants "to interplead and have adjudicated the identity of the operator of the Ford automobile at the time of the said accident." The second count is for a declaratory judgment "declaring that this plaintiff is under no duty or obligation to appear and defend any suit on behalf of defendant Jeanetta M. Hill or Barney Malone, and declaring that plaintiff is not liable for any judgment rendered against the said defendant Jeanetta M. Hill or Barney Malone arising out of the said collision and that this Court further declare that said collision and accident were not covered by plaintiff's policy." The defendants, Jeanetta M. Hill and Barney Malone, filed their separate motions to dismiss which were sustained. The trial court entered the following order of dismissal: "Second Amended Petition dismissed for failure to state in either Count a claim upon which relief could and should be granted." The plaintiff has appealed.

It appears from the second amended petition and the attached exhibits that the plaintiff issued its policy of liability insurance to Loran Radabaugh insuring against liability for damages arising out of the operation of the 1955 Ford automobile. At the time of the accident, the automobile was occupied by the owner, Loran Radabaugh, and the defendants, Jeanetta M. Hill and Barney Malone. Loran Radabaugh, 31 years of age, died as a result of the accident leaving no widow or minor children surviving. Lillie Radabaugh is the duly appointed and acting administrator of his estate. The defendants, Hill and Malone, claim they sustained personal injuries and each filed suit to recover damages; a copy of the petition in each case is attached as an exhibit to plaintiff's petition. Also attached is a copy of the policy of liability insurance issued by the plaintiff to Loran Radabaugh.

The first count of plaintiff's petition further alleges that Loran Radabaugh was not the operator of the automobile at the time of the accident, but that it was being operated by either the defendant Hill or the defendant Malone; that defendant Malone denies he was operating the automobile at such time and "is contending and claiming" that Loran Radabaugh or Jeanetta M. Hill was the operator; that defendant Hill denies that she was the operator of the automobile and "is contending and claiming" that Loran Radabaugh or Barney Malone was operating it; that the administratrix, Lillie Radabaugh, denies that Loran Radabaugh was the operator and "is contending and claiming" that Jeanetta M. Hill or Barney Malone was operating the automobile; that the operator of the automobile would not have a cause of action for damages arising out of the accident; that "by reason of the various inconsistent claims and contentions of the occupants of the said automobile, plaintiff is exposed to a multiplicity of suits, with possible inconsistent

results and multiple liability under its contract of insurance as aforesaid and is entitled to relief under the provisions of Section 507.060 Revised Statutes of Mo.1949 [V.A.M.S.]," the interpleader statute; and that the plaintiff under its contract of insurance "is not liable in whole or in part to any of the said occupants of the Ford automobile." As stated the prayer is that the defendants be required to interplead and have adjudicated the identity of the operator of the Ford automobile at the time of the accident.

The second count incorporates by reference the averments of the first count, which are essentially as outlined above, and sets out certain terms and conditions of the policy which provide that the word "insured" shall include the "named insured," being the owner, Loran Radabaugh, or any person using the automobile with his permission and that "the insured shall cooperate with MFA Mutual, disclosing all pertinent facts known or available to him," and further alleges that the defendant Hill or defendant Malone was the operator of the automobile and that they have falsely claimed and stated that neither of them were the operator and have filed their pleadings in which each of them state that Loran Radabaugh was the operator and that said defendants, Hill and Malone, have failed to disclose pertinent facts to the plaintiff insurer and have otherwise failed to cooperate with it, thereby breaching and violating the conditions of the policy above referred to and rendering the policy null and void. Declaratory relief was sought accordingly.

The copy of the insurance policy attached to plaintiff's petition shows the limit of liability for bodily injury to be $15,000 for each person and $30,000 for each accident. Complete copies of separate petitions of Barney Malone and Jeanetta M. Hill filed in their respective damage suits are also attached as exhibits to plaintiff insurer's second amended petition. Barney Malone prays for damages in the sum of $16,000 and Jeanetta M. Hill seeks $30,000. Each of the petitions of Hill and Malone is directed against Lillie Radabaugh, administratrix of the estate of Loran Eugene Radabaugh, deceased, as defendant, and each alleges that Loran Eugene Radabaugh was the owner and operator of the Ford automobile at the time of the accident; that Barney Malone and Jeanetta M. Hill were riding as guests in the car being so driven; and that Radabaugh negligently drove the automobile off of the highway and into a tree, thereby causing the injuries and damages sustained by the respective plaintiffs in those actions.

In its brief the plaintiff insurance company concedes that: "Since more than one year has now elapsed since the death of Loran Radabaugh, deceased, appellant frankly admits that the allegations with respect to Radabaugh, the Administratrix, are now moot since no wrongful death action has been filed by her on behalf of her decedent, Loran Radabaugh." Thus the averment that the administratrix is threatening to bring suit drops out of the case leaving for our consideration the actions of Jeanetta M. Hill and Barney Malone pending against the administratrix in each of which those plaintiffs have alleged that they were riding as guests and that Loran Radabaugh, the owner of the automobile and the "named insured" in the policy, was the driver of the automobile at the time of the accident.

■ The exhibits attached to plaintiff's second amended petition are a part thereof for all purposes, Section 509.130 RSMo 1949, V.A.M.S., and may be considered in passing on the sufficiency of the petition. Beets v. Tyler, 365 Mo. 895, 290 S.W.2d 76, 79[2]; Bride v. City of Slater, Mo., 263 S.W.2d 22, 25[1]; Corbin v. Hume-Sinclair Coal Mining Co., Mo., 237 S.W.2d 81, 82[1].

■ The pleader is bound by the allegations of his petition. Sibert v. Boger, Mo., 260 S.W.2d 569, 571[5]; Baysinger v. Hanser, 355 Mo. 1042, 199 S.W.2d 644, 647[8]; State ex rel. Boatmen's National Bank of St. Louis v. Webster Groves General Dist.

No. 1 of St. Louis County, 327 Mo. 594, 37 S.W.2d 905, 908[6]. Thus Hill and Malone are bound by the allegation made in their respective petitions that Radabaugh was the driver of the car; likewise, the plaintiff insurance company, having exhibited these petitions, cannot be heard to say on this record that the actions of Hill and Malone are predicated upon some other claim or contention with respect to the identity of the driver of the automobile. We must also, for the purpose of this review, accept as a fact that the liability of the administratrix is insured to the extent of $15,000 for bodily injuries to each person and $30,000 for each accident as shown by the policy exhibited.

As to Count I of the petition, the appellant contends a claim for relief was stated in that the count "alleges a factual situation wherein the appellant may be exposed to double liability unless the respondents are required to interplead and try out the issue of the identity of the operator of the motor vehicle involved in the accident," citing Plaza Express Company, Inc., v. Galloway, 365 Mo. 166, 280 S.W.2d 17. The essential facts in that case were that Bert Galloway had filed suit for personal injuries alleging negligence; sometime later he died. If his death was caused by the accident, his widow was entitled to proceed with a wrongful death action; otherwise the administrator was entitled to be substituted and to prosecute the action for personal injuries filed by Galloway in his lifetime. Plaza and its employee, defendants in the negligence action, brought an interpleader suit to determine whether Galloway's death was caused by the accident and alleged they were being exposed to a double recovery for a single liability by reason of the separate suits of the widow and the executor. This court held the petition stated a claim upon which relief could be granted under the interpleader statute, Section 507.060 RSMo 1949, V.A.M.S., which provides that: "Persons having claims against the plaintiff may be joined as defendants and required to inter-

plead when their claims are such that the plaintiff is or may be exposed to double or multiple liability." The court held that being exposed to double liability within the statutory meaning is an exposure to a double recovery for a single liability. The opinion further states, 280 S.W.2d 25: "We hold that the proceeding is an equitable one, the object of which is not to protect a party against a double liability, but to protect against a double vexation in respect to one liability." It should be noted that the instant plaintiff does not contend that its liability, if any, is single and that it is nevertheless being exposed to a double recovery. Quite clearly the facts alleged in Count I do not bring it within the rule of the Plaza case.

■ The respondents Hill and Malone are claiming they sustained separate and distinct injuries for which they have independent causes of action resulting from the negligence of Loran Radabaugh as the driver of the automobile in which they were passengers. Their separate damage suits are based on that theory. The fact that the injuries of the respondent Hill and Malone were caused by the same occurrence does not prevent their rights of action from being separate and distinct. Rea v. Feeback, Mo., 244 S.W.2d 1017, 1019[3]; General Exchange Insurance Corp. v. Young, 357 Mo. 1099, 212 S.W.2d 396, 400[8].

In Shaw v. Greathouse, Mo.App., 296 S.W.2d 151, the plaintiff damaged a building owned by the defendant landlord and under lease to the defendant tenant. Plaintiff sought to require the defendants to interplead alleging that he was being exposed to multiple liability because of the single act of damaging the building. The dismissal of plaintiff's petition by the trial court was affirmed on appeal, the appellate court holding that the allegations of the petition were insufficient to support the plaintiff's contention that he may be required to respond twice in damages for the same injury. In the instant case the

injury claims are vested in different persons just as the property rights were in the Shaw case.

■ The appellant further says that the juries in the two actions may make inconsistent findings with respect to the identity of the driver of the automobile and that the finding in one case would not prevent a recovery in the other, again citing the Plaza case and other cases involving determinations of res judicata. The court, having determined in the Plaza case that there was only one claim in existence at Galloway's death, examined the doctrine of res judicata in order to determine whether it was necessary to invoke the remedy of interpleader. It does not follow as the appellant infers that interpleader is permitted in all actions where a prior judgment does not constitute a bar to another action. Causes of action which are distinct and independent, although they grow out of the same transaction or state of facts, may be sued on separately and a judgment in one will not constitute a bar to an action on another. 50 C.J.S. Judgments § 674, pp. 120–121.

On the record before us the appellant is not being subjected to "a double vexation in respect to one liability." The interpleader statute does not apply in the circumstances of this case. We need not explore other weaknesses in plaintiff's position. The trial court ruled correctly in dismissing Count I of plaintiff's second amended petition.

■ Appellant's final contention, in its own words, is that: "The trial court erred in dismissing Count II of appellant's petition because Count II states a claim upon which relief may be granted pursuant to Section 527.010 and Section 527.020 RSMo 1949, V.A.M.S. Count II alleges an actual controversy between appellant and the respondent with respect to the duty and obligation of appellant pursuant to the terms of its contract of insurance (Ex. 'A') to defend any action or be liable for any judgment which may·be rendered against re-

spondent Hill or respondent Malone arising out of the accident, by reason of the wrongful and false statements made by respondent Hill and respondent Malone denying that either of them was the operator of the automobile and failure of both of these respondents to give written notice of the accident." Cited in support of this point are such cases as Pennsylvania Casualty Co. v. Suburban Service Bus Co., Mo.App., 211 S.W.2d 524, holding that a proceeding under the declaratory judgment act is a proper remedy to determine a dispute with respect to the coverage of a policy of liability insurance, and Redler v. Travelers' Insurance Co., 342 Mo. 677, 117 S.W.2d 241, holding false statements as to the manner of the occurrence of an accident is a violation of the co-operation clause of a liability policy and discharges the insurer. The difficulty with the appellant's position is that these authorities do not cover the appellant's factual situation.

■ "Plaintiff's petition must present a real and substantial controversy admitting of *specific relief* through a decree of a *conclusive character*, as distinguished from a decree which is merely advisory as to the state of the law upon purely hypothetical facts." State ex rel. Chilcutt v. Thatch, 359 Mo. 122, 221 S.W.2d 172, 176[6]. See also Jacobs v. Leggett, Mo., 295 S.W.2d 825, 834.

The appellant has not been called on "to defend any action or be liable for any judgment which may be rendered against respondent Hill or respondent Malone arising out of the accident." Neither of the respondents Hill or Malone is claiming rights under the policy as an "insured"; hence, the cooperation clause of the policy has no application to them.

■ The declaratory judgment act is not designed to adjudicate hypothetical or speculative situations which may never come to pass. Republic Rubber Co. v. Adams, Mo., 213 S.W. 80, 82[3]; Preisler v. Doherty, 364 Mo. 596, 265 S.W.2d 404, 407[4]. No controversy of a justiciable nature is stated

and the trial court did not err in dismissing Count II of plaintiff's second amended petition.

Accordingly the judgment is affirmed.

All concur.