CITY OF CREVE COEUR, a Municipal Corporation, Appellant,

v.

CREVE COEUR FIRE PROTECTION DISTRICT, a Municipal Corporation, Respondent.

No. 48872.

Supreme Court of Missouri,

Division No. 1.

March 12, 1962.

Motion for Rehearing or to Transfer to Court en Banc Denied April 9, 1962.

Wyne & Delworth, William H. Wyne, Jr., Clayton, for appellant.

T. Douglas Moore, Clayton, for respondent.

COIL, Commissioner.

The City of Creve Coeur has appealed from a judgment dismissing its petition seeking declaratory and other relief against the Creve Coeur Fire Protection District.

Plaintiff for its claim against defendant averred in substance and effect that it was a fourth class city and defendant was a fire protection district which had been created by decree of the St. Louis County Circuit Court dated December 30, 1958; that the district included the city and a portion of the unincorporated area of St. Louis County; that in February 1957 city contracted with St. Louis County Water Company whereby that company agreed to furnish and maintain and city agreed to pay for certain fire plugs $36 per plug per year for twenty years for the city's use for fire protection; that pursuant to the contract 213 fire plugs were installed (203 prior and 10 subsequent to defendant's formation) for which the city had paid and would continue to pay water company $36 per plug per year rental; that plaintiff had demanded that defendant assume the obligation to furnish the city fire protection, including the obligation to pay the fire plug rental for which the city was obligated, and had demanded that defendant reimburse the city for the rental money it had expended since defendant's formation; that since it came into existence defendant had used and had the benefit of the fire plugs in question; that defendant's refusal to pay city the yearly amount due water company for said plugs and to reimburse city for money it had expended to date, had and would continue to place an unfair tax burden on Creve Coeur residents; that a controversy exists between plaintiff and defendant as to the proper construction and interpretation of the statutes under which defendant was formed (Chapter 321, RSMo 1959, V.A.M.S.) in that plaintiff contends and defendant denies that defendant, under the circumstances, is primarily obligated to pay for the maintenance of said fire plugs.

Plaintiff sought a judgment declaring the rights and duties of the parties under the applicable law, to the effect that defendant, under the circumstances averred, was obligated to provide and maintain the fire plugs in question for fire protection within the city and was obligated to assume (as between plaintiff and defendant) plaintiff's present contractual obligation to the water company; and further, plaintiff sought a money judgment against defendant in an amount sufficient to reimburse city for the money (with interest) it had expended for the fire plugs since the date of defendant's formation, and such further relief as to the court might seem proper.

Defendant's motion to dismiss included, among other stated grounds, those here urged to sustain the trial court's action that the petition failed to state facts showing the existence of a justiciable controversy between the parties presently appropriate for judicial determination, and that plaintiff had failed to join a necessary party, viz., the St. Louis County Water Company.

The trial court sustained defendant's motion for the stated reasons that it lacked

"jurisdiction to grant the relief requested because it involves a matter for determination of the Board of Directors of the Fire Protection District as part of its police powers, and on the further grounds that Plaintiff's first amended petition fails to state sufficient facts to invoke this Court's jurisdiction for an adjudication of plaintiff's rights pursuant to Sec. 527.010 to 527.140, V.A.M.S."

■ We have jurisdiction because the averments of the petition demonstrate that the amount in dispute exceeds $15,000.

■ Defendant reminds us of certain, and we are mindful of those and other, principles applicable to declaratory judgment actions, among which are these: A declaratory judgment action is a particularly appropriate method for determining a controversy involving the construction of a statute, but the construction so sought must be a necessary or desirable one in determining an actual controversy appropriate for judicial determination, City of Joplin v. Jasper County, 349 Mo. 441, 161 S.W.2d 411, 412 (2–4); a declaratory judgment action properly may not be used to have adjudicated a hypothetical or speculative situation which may never come to pass, Transport Mfg. & Equipment Co. v. Toberman, Mo., 301 S.W.2d 801, 806(3, 4); M.F.A. Mutual Insurance Co. v. Hill, Mo., 320 S.W.2d 559, 564(8). In determining whether any petition, including one purporting to state a cause of action for a declaratory judgment, states a claim, its language is "to be given a liberal construction, according the averments their reasonable and fair intendment—fair implication should be indulged from the facts stated. So considered, a petition should be held sufficient if its averments invoke substantive principles of law which entitle plaintiff to relief." Wells v. Henry W. Kuhs Realty Co., Mo., 269 S.W.2d 761, 767(1), 47 A.L.R.2d 1038. In testing the sufficiency of a petition purporting to state a claim for declaratory relief the question is not whether the petition shows that plaintiff is entitled to the declaratory relief he seeks in accordance with the theory he states, rather, it is whether under the averments of his petition he is entitled to a declaration of rights at all. Transport Mfg. & Equipment Co. v. Toberman, supra, 301 S.W.2d 805(1). A petition for a declaratory judgment properly may seek additional relief, Hyde, Declaratory Judgments, 26 Wash.U.Law Quarterly 484, 485, Hudson v. Jones, Mo.App., 278 S.W.2d 799, 802, including a claim for damages, Anderson Declaratory Judgments, Vol. I, sec. 249, p. 577. Such separate claims should be stated in separate counts; still, the pertinent question on motion to dismiss is whether under the allegations made plaintiff has stated enough to invoke substantive principles of law which entitled him to some relief, Wells v. Henry W. Kuhs Realty Co., supra. And it is not decisive that a plaintiff is not entitled to all the relief sought, so long as he has averred enough to entitle him to some relief. Anderson, Declaratory Judgments, Vol. I, sec. 307, pp. 708, 709.

■ Considered in the light of the aforestated principles, we are of the view that the present petition sufficiently stated claims for declaratory and other relief.

We have no doubt that a plaintiff may not sufficiently state a claim for declaratory relief by simply averring that a proper construction of specified statutes entitles him to certain rights and places certain obligations on a defendant, if it is apparent that the statutes in question are, for example, wholly irrelevant to a determination of any matters between plaintiff and defendant, or if it is obvious beyond peradventure of doubt that any claim for a declaration of rights under any construction of the statutes in question is wholly without substance. But it is not the function of the trial court on a motion to dismiss or of this court on appeal from a judgment of dismissal to make an analysis of the law under which the rights are claimed or to construe the statutes in question or to determine on the merits

whether plaintiff is entitled to the declaratory relief he seeks in accordance with the theory he states. If it appears that it properly may not be said with certainty that there is no basis for plaintiff's contention that it is entitled to a declaration of rights and obligations by reason of the averments of its petition, the motion to dismiss should be denied and plaintiff afforded an opportunity to adduce evidence to sustain its allegations.

We have examined the statutes referred to in the present petition under which defendant fire protection district was organized, secs. 321.010–321.470 inclusive, RS Mo 1959, as amended Laws 1961, and V.A. M.S., in the light of the law as announced in Wellston Fire Protection Dist. v. State Bank & Trust Co., Mo.App., 282 S.W.2d 171, to the effect that when the legislature provided the statutory plan embodied in the sections above referred to for the establishment of fire protection districts, it intended to and did withdraw the authority it had theretofore granted municipalities (which became a part of a fire protection district) to exercise their police power to afford fire protection for the safety of their citizens, and conferred the exclusive authority on the fire protection district to exercise the police power to afford fire protection for the safety of the citizens of municipalities located within such fire protection districts. Such examination makes it clear enough that we properly may not say with certainty that there is no possible basis for plaintiff's contention that it is entitled to a declaration of the rights, duties, and obligations of the city and the fire district under the law as applied to the particular factual circumstances averred in the petition. And plaintiff's averments make it plain that there is a justiciable issue in that there is an actual controversy between the city and the fire protection district as adverse parties in fact, which is presently appropriate for judicial determination.

We are of the opinion that plaintiff, under the averments of its petition, is, at least, entitled to a declaration of its rights as to these matters: whether defendant, in providing fire protection for the inhabitants of city, when it actually uses the fire plugs for which plaintiff pays and is obligated by contract to continue to pay, is required as between plaintiff and defendant to assume the city's obligation to maintain those plugs, including the assumption of the city's contract monetary obligation, and if defendant is so obligated, whether such assumption continues only so long as the district continues to use said plugs; and further, we are of the view that whether defendant is or is not required to so assume the city's obligation for any length of time, plaintiff is entitled to have adjudicated the question whether it is entitled to a money judgment against defendant for the reasonable value of the use of said fire plugs, and, if plaintiff is so entitled, the reasonable value of such use should be determined and a money judgment entered therefor.

■ Defendant contends that the trial court may exercise its discretion in determining whether to grant declaratory relief and, we suppose, intended to further contend that our review is limited to whether there was an abuse of discretion. It is clear, however, that whatever discretion a trial court may have with respect to granting declaratory relief does not exist when ruling a motion to dismiss. Anderson, Declaratory Judgments, Vol. I, sec. 320, p. 753.

■ Defendant contends further that the trial court properly dismissed the petition because plaintiff did not join the water company. The argument in support is to the effect that water company was a necessary party because plaintiff sought to substitute defendant as the obligated party in city's contract with the company. If the petition compelled that construction, water company would, of course, be a necessary party; but in our view, the petition reasonably construed makes it reasonably clear that plaintiff seeks relief only as between it

and defendant and did not intend to attempt to affect city's primary obligation to the water company. If it may be said that the averments of the petition are not entirely clear in that respect, defendant may proceed for clarification; and, even though water company is not a necessary party, if defendant believes company is a proper party, it may present such view to the trial court.

Respondent's motion to dismiss the appeal and to affirm the judgment is without merit and is overruled.

The judgment is reversed and the case is remanded.

HOLMAN and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.