**COMMONWEALTH INSURANCE AGENCY, INC., a Corporation, and Walter A. Klein, (Plaintiffs) Appellants,**

**v.**

**Philip ARNOLD, (Defendant) Respondent.**

**No. 50775.**

Supreme Court of Missouri,

Division No. 1.

April 12, 1965.

Motion for Rehearing or to Transfer to Court En Banc Denied May 10, 1965.

Harry Gershenson, J. E. Sigoloff, St. Louis, for (plaintiffs) appellants.

Harold A. Thomas, Jr., Nelson W. Hartman, Fordyce, Mayme, Hartman, Renard & Stribling, St. Louis, for respondent.

WELBORN, Commissioner.

Plaintiff Commonwealth Insurance Agency and its president, plaintiff Walter A. Klein, filed an action for declaratory judgment against defendant Philip Arnold, who, on behalf of Underwriters at Lloyd's London, had issued to plaintiffs a policy of "Errors and Omissions Insurance" for the operation of plaintiffs' insurance business. The petition sought a declaration of defendant's liability on the policy issued to plaintiffs as it related to a claim against them which was the subject of an action by the Golub Corporation and others against plaintiffs in the St. Louis Circuit Court. On defendant's motion in the present case, the trial court dismissed plaintiffs' petition. Plaintiffs have appealed from such order.

Defendant issued to plaintiffs a policy of "Insurance Brokers and Agents Errors and Omissions Insurance" for a period from August 22, 1955 to August 22, 1958. The policy was subsequently extended for two additional three-year terms. The policy undertook to indemnify plaintiffs "against any claim or claims for breach of duty as Insurance Brokers * * * which may be made against them (during the term of the policy) by reason of any negligent act, error or omission, whenever or wherever committed or alleged to have been committed, on the part of the Assured" in its business. The limit of liability was $100,-000 in any one policy year with a deductible amount of $2,500 for any claim.

Among the conditions of the policy was one that the assured should not admit liability or settle any claim without the written consent of the insurer, "who shall be entitled at any time to take over and conduct in the name of the Assured the defence of any claim.

"Nevertheless, the Assured shall not be required to contest any legal proceedings unless a Lawyer (to be mutually agreed upon by the Assured and the Underwriters) shall advise that such proceedings should be contested."

A further condition read:

"5. This Insurance shall not indemnify the Assured in respect of any claim made against them

"(a) * * * *

"(b) brought about or contributed to by any commingling of or inability or failure

to pay or collect premium, claim or tax moneys,

"(c) brought about or contributed to by the dishonest fraudulent, criminal or malicious act or omission of the Assured or any employee of the Assured, or

"(d) * * * *."

Plaintiffs' petition alleged that an action was filed against them in the St. Louis Circuit Court on January 3, 1962, by the Golub Corporation and associated companies. Copies of Golub's original and first amended petitions were attached to plaintiffs' petition in this case and incorporated therein by reference. Golub's petition alleged that, in 1955, plaintiff Klein, acting on behalf of plaintiff Commonwealth Insurance Agency, placed certain public liability insurance for Golub and its associated companies, operators of retail stores in New York and Massachusetts. The insurance was with Underwriters at Lloyd's, London, for a three-year term, effective August 6, 1955. Golub's petition alleged that, in August, 1958, they directed plaintiffs to extend and renew the coverage which the Golub companies had had for the preceding three years and that plaintiffs thereafter told Golub that the extension had been effectuated as directed; that, on or about October 1, 1958, plaintiffs mailed to Golub a cover note of Underwriters at Lloyd's, purporting to extend the prior coverage.

Golub's petition further alleged that, although they had directed plaintiffs to renew and extend the prior coverage with Lloyd's, and that, although plaintiffs advised Golub that such extension had been effectuated, plaintiffs had, without Golub's knowledge or authority, placed the insurance with British Commercial Insurance Company, Ltd., which was not an underwriter at Lloyd's. The petition further alleged that British Commercial Insurance Company was unable to pay claims against Golub because it entered into liquidation proceedings in September, 1959. Golub alleged that, because of the default of British Commercial

Insurance Company on its policy, Golub had been required to defend and settle claims for $25,000 and further pending claims involved a liability of $25,000. Golub asked judgment for $50,000 loss which it claimed to have suffered due to plaintiffs' "negligence and fraud." Golub's amended petition is essentially the same as its original, except that it charges negligence and fraud in separate counts.

Plaintiffs' petition in this case alleged that they gave defendant "immediate notice in writing" of the claims of Golub and of the institution of this action, but that defendant had denied any obligation to indemnify plaintiffs in respect to such claims on the grounds that they are excluded from the coverage of the insurance by Condition 5(b) set out above.

Plaintiffs alleged that they contended that such condition is not applicable and that by reason of the conflicting claims of the parties as to the interpretation of the policy relative to the coverage and the settlement and defense of claims, irreparable damages might be done plaintiffs unless the rights of the parties under the policy are determined in advance of the trial of Golub's action.

Plaintiffs' petition asked a declaration of the rights of the parties under the insurance policy, the coverage provided thereunder, and that under a correct construction of the policy, the claim of Golub is not excepted by Condition 5(b); that defendant is liable to indemnify plaintiffs against the claim of Golub; that if the claim is to be contested, defendant be required to agree with plaintiffs upon a lawyer who shall advise that the action of Golub be contested, or of defendant's obligation to indemnify plaintiffs.

Defendant filed a motion to dismiss on the grounds that plaintiffs' action was premature and presented no justiciable controversy because it did not present a definite state of facts ripe for determination and admitting of specific relief by way of a decree conclusive in character and determinative of the issues; that the petition pre-

sented merely a difference of opinion on a legal question and requested the court to issue an advisory opinion on a speculative and hypothetical situation which may never come to pass. The trial court sustained defendant's motion and, after plaintiffs' motion to set aside the order or, in the alternative, for a new trial, had been denied, this appeal was taken.

■ The essential question on this appeal is whether or not plaintiffs' petition alleges a state of facts which produces a justiciable controversy between plaintiffs and defendant. We recognize, as plaintiffs assert, that their petition is to be construed favorably to them, giving them the benefit of every reasonable and fair intendment in view of the facts alleged. City of Creve Coeur v. Creve Coeur Fire Protection District, Mo.Sup., 355 S.W.2d 857, 859. The exhibits attached to the petition, consisting of the insurance policy and Golub's petitions, are a part of plaintiffs' petition for all purposes, Civ.Rule 55.14, V.A.M.R., and are to be considered in passing upon its sufficiency. M.F.A. Mutual Insurance Company v. Hill, Mo.Sup., 320 S.W.2d 559, 562(2).

■ We have several cases which have described the "justiciable controversy," essential before a court may exercise its jurisdiction in response to a petition for a declaratory judgment. "(T)here must be a sufficiently complete state of facts presenting issues ripe for determination * *." Tietjens v. City of St. Louis, 359 Mo. 439, 222 S.W.2d 70, 72. The determination must provide "specific relief through a decree of a conclusive character." Transport Mfg. & Equip. Co. v. Toberman, Mo.Sup., 301 S.W.2d 801, 806. Declaratory judgment may not be used to "adjudicate hypothetical or speculative situations which may never come to pass." M.F.A. Mutual Insurance Company v. Hill, Mo., 320 S.W.2d 559, 564. "A mere difference of opinion or disagreement or argument on a legal question does not afford adequate ground for invoking the judicial power." Tietjens v. City of

St. Louis, supra. "(W)here the record furnishes insufficient facts from which to determine liability, and advice concerning the respective duties and obligations of the parties is all that is asked, a court will not pass on (the question presented)." City of Joplin v. Jasper County, 349 Mo. 441, 161 S.W.2d 411, 413.

Application of these general principles to specific cases is not a simple matter. "The only safe guide is an analysis of the precedents in which declaratory judgments have been granted and declined." Borchard, Declaratory Judgments (2d ed.), p. 56. Controversies involving insurance policies have been a fruitful source of declaratory judgment litigation. Our courts have considered several controversies involving insurance.

In Pennsylvania Casualty Co. v. Suburban Service Bus Co., Mo.App., 211 S.W.2d 524, relied upon by plaintiffs as precedent for their quest for relief in this case, the insurer had paid $19,100 in claims under a policy with a $20,000 limit. After such payments, $11,500 on judgments remained outstanding which could be settled for $5,500. Plaintiff demanded of the insured the difference between that amount and the $900 remaining within the policy limits. Upon defendant's refusal to pay the amount demanded, declaratory judgment was recognized as an appropriate remedy to determine whether or not the insurer was entitled to the amount demanded.

In Lamb v. New York Life Insurance Company, Mo.App., 377 S.W.2d 148, declaratory judgment was held to be a proper procedure to determine the interest of plaintiff as the beneficiary of policies taken by plaintiff's father to provide plaintiff's education. A divorce decree had limited the father's right to borrow on the security of the policies and the controversy was over the effect of a loan thereafter made by the father. Declaratory judgment was held to lie against the contention that the son should be compelled to surrender the policies for their cash value and to sue the

insurer for the balance to which he claimed to be entitled.

Fidelity & Casualty Co. of New York v. Western Casualty & Surety Co., Mo.App., 337 S.W.2d 566, involved a controversy between the insurer of the owner of a motor vehicle and the insurer of its driver at the time of an accident. The insurer of the owner brought the action against the insurer of the driver, joining all persons having claims arising out of the accident. A decree was sought declaring the rights and obligations of the respective insurers. The court found that "the controversy had 'jelled' as evidenced by the filing of the various actions * * * by the date of trial * * *" so that a declaratory judgment would lie. 337 S.W.2d 571.

Plaintiffs also cite and rely upon M.F.A. Mutual Insurance Company v. Quinn, Mo. App., 259 S.W.2d 854, in which the question of whether or not a policy was in force at the time of an accident, and M.F.A. Mutual Insurance Company v. Southwest Baptist College, Inc., Mo.Sup., 381 S.W.2d 797, in which the question of whether or not fire policies were in force at the time of a loss, were determined in declaratory judgment proceedings. However, in neither of those cases was any question raised as to the propriety of the action.

Plaintiffs also rely upon Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000, and United States Fidelity & Guaranty Co. v. Pierson, 8th Cir., 97 F.2d 560. In Haworth, declaratory judgment was held to be a proper remedy to resolve a dispute between an insurer and its insured as to whether or not the insured was totally and permanently disabled within the meaning of the policy provisions for benefits in such event. The court held that the case called "for an adjudication of present right upon established facts." In Pierson, the question was whether or not the insurer was required to defend, in accordance with the terms of its policy, an action against its insured.

Plaintiffs also cite Maryland Casualty Co. v. Tindall, 8th Cir., 117 F.2d 905, in which declaratory judgment was held not to lie in an action by an insurer to resolve its claim that an employee's suit for damages for injury was not within the terms of its workmen's compensation policy which excluded "occupational disease." The employer contended that his claim was for an accidental injury. The court refused to determine the matter on declaratory judgment because the issue presented was hypothetical, there being no method for determining what the facts might be found to be in the damage action. (Borchard disagrees with this conclusion. Op. cit., p. 636, footnote 6.)

Among cases cited by defendant is M.F. A. Mutual Insurance Company v. Hill, Mo. Sup., 320 S.W.2d 559. In that case, declaratory judgment was held not available in an action by an insurer to terminate its obligation to additional insureds under its policy because of the violation of the cooperation clause by such additional insureds. The court pointed out that the alleged additional insureds were not claiming the benefit of protection under the policy and therefore the action sought to adjudicate a hypothetical or speculative situation which may never come to pass. 320 S.W. 2d 564(9).

Hill involved a clearly hypothetical situation. Certainly the situation here presented is not hypothetical in the sense of Hill. Golub claims to have suffered a loss due to either the negligent or fraudulent conduct of plaintiffs. There is no reason to speculate whether or not Golub is going to press a claim against plaintiffs. They have done so. We have, therefore, a concrete, not a hypothetical, situation.

In a situation such as this, by far the greater number of actions for declaratory judgment to determine whether or not a particular claim is within the coverage of a policy of insurance are brought by the insurer. See Annotation, "Application of declaratory judgment acts to questions in

respect of insurance policies," 142 A.L.R. 8. In such case, the fact that no judgment has been obtained against the insured so that the amount, if any, of the insurer's liability is at the particular stage of the proceedings unknown is no bar to the insured's action to disclaim liability, which action may, of course, terminate in a judgment declaring the insurer liable for any loss. Borchard, op. cit., pp. 641–655.

Although a declaratory judgment action by an insured to establish the insurer's liability is the more infrequent form which the proceeding assumes, we perceive no reason why the elements of a justiciable controversy may not be present in either situation. See Cotton v. Iowa Mutual Liability Ins. Co., Mo.App., 260 S.W.2d 43, 51; Franklin Co-Op. Creamery Ass'n v. Employers' Liability Assurance Corp., 200 Minn. 230, 273 N.W. 809; Southern Underwriters v. Dunn, 5th Cir., 96 F.2d 224; Malloy v. Head, 90 N.H. 58, 4 A.2d 875, 123 A.L.R. 941.

However, this case presents an additional problem. Plaintiffs' petition alleged that defendant denied liability on the ground that the claim of Golub was excluded under Condition 5(b) of the policy. Even if the validity of this ground for denial of liability should be resolved in plaintiffs' favor, they would still be confronted by the fact that Golub's claim charges plaintiffs with both negligence and fraud. This is obvious on the face of Golub's petition. Condition 5(c) of the policy, a part of plaintiffs' petition, excludes claims based upon fraud on the part of the assured. That defendant expects to rely upon this exclusion should Golub recover on the fraud count is clear from his brief here.

The trial court had no way to know on which, if any, ground Golub might prevail in its action. Nor do we. Golub is not a party to this action and there is no way by which a final determination may be made in this case of the basis of Golub's claim. The situation here presented is similar to that found in Prashker v. United States

Guarantee Company, 1 N.Y.2d 584, 154 N.Y.S.2d 910, 136 N.E.2d 871. There the insured sought a declaration regarding the obligation of an insurer on an aviation liability policy. An airplane crash had produced an action against the insureds. The petition in such action alleged numerous grounds of liability, some of which were within and some without the exclusionary provisions of the policy. In holding that the petition in such regard did not state grounds for a declaratory judgment, the court stated (136 N.E.2d 874):

"Under that holding the facts might be decided in one manner in the declaratory judgment action, and differently in the principal actions, with the consequence that the liability of the carrier or lack of it might be decided on facts other than those to be established between the parties in the main action or actions. This policy is one of indemnification; it is clear that the liability of the insurance company depends upon the basis for liability which is adjudicated against the assureds in the main actions. Unless the insurance company would be liable under the policy on the facts underlying each theory of liability pleaded against the assureds in the complaints in the pending negligence actions, it would be premature to entertain jurisdiction of a declaratory judgment action before it can be known whether or not the loss would be covered by the policy. Some of the grounds pleaded may be sustained and others not. * * * It would be premature to attempt to decide in a declaratory judgment action, without a jury, what the Weissman estate is going to prove later at the trial or trials of the negligence actions. The complaint does not state a presently justiciable issue to be decided by a declaratory judgment."

In the circumstances of this case, plaintiffs' petition did not present a state of facts susceptible of determination through a conclusive judgment in this action. Inasmuch as no present duty is imposed upon the insurer under the policy

here, plaintiffs are not prejudiced by the denial of a declaratory judgment at this stage of the proceedings. They are confronted with an element of uncertainty as to defendant's ultimate liability. However, that uncertainty cannot be finally resolved at this time.

█ Inasmuch as the plaintiffs' petition incorporated fully Golub's statement of its claim and the insurance policy, the basis of the controversy between plaintiffs and defendant was fully shown and there was no error on the part of the trial court in sustaining the motion to dismiss without granting plaintiffs leave to amend their petition.

The judgment is affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.