613 S.W.2d 912 (1981)
Joe C. CRAIN & Helen Crain, his wife, Roy W. McGhee & Lena G. McGhee, his wife, Willard B. Leavitt & Maude Ann Leavitt, his wife, J. Herbert Taylor & Lucille Taylor, his wife, Lawrence Bradley & Lucille Bradley, his wife, Paul W. Barrett & Dorothy M. Barrett, his wife, Henry I. Eager & Lorene F. Eager, his wife, Vivian Bradford, Edith Scott, and Benson C. Tomlinson & Martha Tomlinson, his wife, Plaintiffs-Appellants,
v.
MISSOURI STATE EMPLOYEES' RETIREMENT SYSTEM, James I. Spainhower, as the Treasurer for the State of Missouri, and Stephen C. Bradford, as the Commissioner of Administration for the State of Missouri, Defendants-Respondents.
No. WD 31554.
Missouri Court of Appeals, Western District.
March 2, 1981.
Motion for Rehearing and/or Transfer Denied March 30, 1981.
Application to Transfer Denied May 11, 1981.
*914 Cullen Coil, Jefferson City, for plaintiffs-appellants.
John Ashcroft, Atty. Gen., B. J. Jones, Asst. Atty. Gen., Jefferson City, for defendants-respondents.
Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.
Motion for Rehearing and/or Transfer to Supreme Court Denied March 30, 1981.
DIXON, Judge.
Plaintiffs, who are judges, retired judges, commissioners and retired commissioners of the Missouri judiciary, and their dependents and beneficiaries, brought a class action against the Missouri State Employees' Retirement System and the statutory trustees of the Retirement System, the Commissioner of Administration, and the State Treasurer. The petition sought a declaration that they were entitled to receive certain retirement compensation and other benefits under §§ 476.515-476.595 RSMo 1978.
The Attorney General filed a motion to dismiss, asserting a variety of grounds. The trial court sustained the motion without specifying the basis for the ruling. The plaintiff class has appealed.
The appeal presents, in addition to a conventional attack on the petition for failure to state a cause of action, a battery of claimed defects subsumed under the general headings of sovereign immunity, separation of powers, existence of a political question, and an assertion that the pleadings call for an advisory opinion.
The initial question is the ability of the pleadings to state a cause of action in declaratory judgment.
*915 In the determination of that question, this court's scope of review is delineated in City of Creve Coeur v. Creve Coeur Fire Protection District, 355 S.W.2d 857 (Mo.1952). Such a review, in accordance with the authority cited, intends that pleadings shall be liberally construed and averments of the petition accorded their reasonable and fair intendment. If, being given such intendment, the averments of the pleading invoke substantive principles of law entitling the plaintiff to relief, the pleading is sufficient. When the petition is a request for the interpretation of a statute,... "it is not the function of the trial court on a motion to dismiss or of this court on appeal from a judgment of dismissal to make an analysis of the law under which the rights are claimed or to construe the statutes in question or to determine on the merits whether plaintiff is entitled to the declaratory relief he seeks in accordance with the theory he states." City of Creve Coeur, supra at 859-60. Only if, from the face of the petition, it can be declared "beyond peradventure of doubt" that a claim of right, under any construction of the statutes, is wholly without substance may the petition be dismissed for failure to state a cause of action in declaratory relief. It is a necessary corollary of the rule stated that if a construction of the statutes is necessary to refute the claim of right of the plaintiff, then the petition may not be dismissed.
The appellant class of retirees assert that the issue is controlled by City of Creve Coeur, supra, and that the pleadings of the class call for a construction of the statutes and Article V, § 26 of the Missouri Constitution. The class further asserts that the construction they plead is not wholly without substance but is an arguable construction of the statutes and the Constitution. The Attorney General as respondent does not meet the issue squarely on this branch of the case. The Attorney General cites Shapiro v. Columbia Union National Bank & Trust Company et al., 576 S.W.2d 310 (Mo. banc 1979), cert. denied, 444 U.S. 831, 100 S.Ct. 60, 62 L.Ed.2d 40 (1979), and Harris v. State Bank & Trust Co. of Wellston, 484 S.W.2d 177 (Mo.1972), for the proposition that if no proper case for declaratory judgment is presented, then it is proper to dismiss the petition. The rule of those cases is not doubted, but their ruling does not address the issue presented in the instant case. The Attorney General's brief nowhere contains any citation of authority or even argument countering the assertion by the class in their petition that the pleaded statutes and constitutional provisions require construction in order to determine the rights and benefits of the class.
The appellant class also cites Creve Coeur, supra, for the proposition that it is not the function of the trial court nor this court on appeal to undertake an analysis of the law or to construe the statutes in question to determine the merits of the theory which plaintiff claims in the petition. Unless it can be said with certainty that there is no basis for the plaintiff's contention that a declaration of rights and obligations on the averments of the petition, the motion to dismiss should be denied. It is neither necessary nor proper to analyze and construe the statutes, and that has not been undertaken.
The Attorney General also asserts that the pleadings of the class do not plead sufficient facts to warrant the prayer for relief. Cady v. Hartford Accident and Indemnity Co., 439 S.W.2d 483 (Mo.1969), is cited in support. Cady is factually inapposite, but the rule announced therethat a motion to dismiss admits only the facts well pleaded and that the conclusions of the pleader are not taken as true unless supported by the factual allegationsis unquestioned. Among the specific portions of the pleadings attacked is paragraph 7(a), (b), (c), and (d), (erroneously referred to by the Attorney General as 6(a), (b), (c), and (d)). These are the claims of the pleader with respect to the effect of the statutes as applied to the class. It is not suggested how a pleading requesting a construction and interpretation *916 of statutes can avoid stating the proposed conclusion of law other than as a conclusion. It should also be noted that the challenged paragraph is supported by factual allegations, as required by Cady, supra.
Complaint is also made that the specific rights of individual members of the class are not alleged. Examining this complaint in the light of the prayer which requests relief to individuals as determined by the evidence submitted, the pleading is sufficient. Any other form of pleading in a class action would defeat the purposes of class actions by requiring a prolixity of pleading equivalent to separate actions. There are obviously different categories of plaintiffs within the class whose rights may turn upon the facts proven and a construction of the statutes. There is no requirement that the relief afforded members of a class be uniform so long as the requisite commonality of fact or law appears.
The Attorney General has also asserted a welter of claims which may be categorized as claims of sovereign immunity, violation of separation of powers, existence of a political question, and a claim that the petition seeks an advisory opinion. By way of reply brief, the appellant class asserts that it is at a loss to understand the arguments presented. That response is understandable in view of the lack of a lucid analysis in the presentation of the points. To undertake an analysis point by point and present an orderly disposition of the claims point by point would require this court to restate the points and the argument in some logical fashion, a task that will not be undertaken. It is sufficient to say that the claims are all based on certain propositions, and the propositions asserted are without merit or application in this case. A brief summary of these propositions and a demonstration of their inapplicability will serve to answer the convoluted arguments made.
The first premise is that the State of Missouri is the "real party in interest" and that, therefore, the claim of the plaintiff class is barred by sovereign immunity and that there is no justiciable controversy between the named defendants and the named class.
Real party in interest analysis is not involved in this case. Such language is inappropriate in considering issues concerning the proper party defendant. There can be no doubt that the State is "interested," in a generic sense, in the result of the litigation. The State is always "interested" when an action may result in the expenditure of state funds.
The pertinent inquiry is whether or not the proper parties defendant have been named under the statutes here involved and whether or not sovereign immunity has been waived as to those officers.
Section 476.580 RSMo 1978 makes the Missouri State Retirement System the administrator of the retirement benefits of the plaintiff class, whatever they may be determined to be. Under § 104.500 the general administration of, and responsibility for, the proper operation of the system are vested in the board of trustees. The board is comprised, in part, by the state treasurer and the commissioner of administration, both named defendants here, § 104.450. Section 104.375 requires the commissioner of administration to certify, to the state treasurer, the monthly amounts owed by the system. The treasurer is then required to transfer the proper funds to the system's account. Any such benefits are by statute made a charge upon the general revenue of the state. § 104.540; § 104.370 RSMo 1978. Thus any judicially determined right to a benefit or lack of benefit based upon the construction of the operative statutes would be binding upon the System and its statutory trustees.
There can be no question that when an issue arises concerning the benefits due under the sections of the statute relating to judicial or other retirement benefits which are to be administered by the Missouri State Employees' Retirement System, the defendants named in this suit are the proper parties.
*917 On the issue of the claim of sovereign immunity, it should be a sufficient answer to cite § 104.530 which specifically states:
"The Missouri state employees' retirement system may sue and be sued in its official name, but its officers and employees shall not be personally liable for acts of the system... All suits or proceedings directly or indirectly against the system shall be brought in Cole County."
The equivalent language in Section 226.100 was construed as a waiver of sovereign immunity in Jones v. State Highway Commission, 557 S.W.2d 225 (Mo. banc 1977). Even despite the statute, when a statute provides a benefit or awards a contract, the requisite waiver of immunity from suit to enforce the benefit or contract is inferred. V. S. DiCarlo Construction Co., Inc. v. State, 485 S.W.2d 52 (Mo.1972).
What has heretofore been said is a sufficient answer to the vague claims that there is no "justiciable controversy" or that the petition requests an "advisory opinion." There is certainly a live dispute between the parties as to the rights and benefits of the plaintiff class. Rules 87.01, 87.02(a) and (d) which provide as follows:
"No action or proceeding is open to objection on the ground that a declaratory judgment or decree is prayed for." and
"Any person ... whose rights, status or other legal relations are affected by a statute, ... may have determined any question of construction or validity arising under ... the statute ... and obtain a declaration of ... status ... thereunder."
"The foregoing enumeration of instances in which persons may obtain relief by declaratory judgment is illustrative, and anyone may obtain such relief in any instance in which it will terminate a controversy or remove an uncertainty."
are a complete answer to these contentions.
Charles v. Spradling, 524 S.W.2d 820 (Mo. banc 1975), cited by the Attorney General for authority that a class action is inappropriate here, holds only that a class action is not available for a claim of sales tax refunds because § 144.190 provides a method for the collection of the claims. It has no application to the present case. Class action claims such as the one presented here have been recognized and adjudicated in State ex rel. Breshears v. Missouri State Employees' Retirement System, 362 S.W.2d 571 (Mo. banc 1962), and Hawkins v. Missouri State Employees' Retirement System, 487 S.W.2d 580 (Mo.App.1972).
The Attorney General also asserts that the petition presents a political question, citing a reapportionment case, Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962), and Atkins v. United States, 556 F.2d 1028 (U.S.Ct.Cl.1977). Atkins, in its holding, does not support the position of the Attorney General, and Baker presented no such issue as the instant case, the construction of retirement benefit statutes. At the root of this contention by the Attorney General is the stubborn refusal to accept the claim of the plaintiff class that the statutes must be construed.
The Attorney General also asserted on the oral argument that no judge in Missouri can adjudicate this case since all are "interested." When all are disqualified, none are disqualified. Atkins, supra; Bonner v. Wyrick, 563 F.2d 1293 (8 Cir. 1977); Pilla v. American Bar Association, 542 F.2d 56 (8 Cir., 1976); United States v. Hubert L. Will, ___ U.S. ___, 101 S.Ct. 471, 66 L.Ed.2d 392. Closely related to this issue is the claim, unsupported by any authority, that to entertain this suit the courts would be violating the separation of powers doctrine, Art. II, § 1 Missouri Const. How the power and duty of the courts to interpret the statutes as this plaintiff class requests could, as the Attorney General claims, "involve[s] the judiciary in the setting of judicial salaries" is not elucidated. The claim is completely without merit. The judicial function of statutory interpretation is not *918 limited by the nature of the statute being construed. If the assertion of the Attorney General were accepted, no statute concerning salaries would be subject to judicial scrutiny.
The last point briefed by the Attorney General relates to cases decided under former Rule 52.09 relating to the necessity for an allegation of the method of choosing the class and that they were "fairly chosen." Present Rule 52.08(a) has been fully complied with in the petition of the plaintiff class. The concerns of the Attorney General expressed under this point in the brief are matters for the determination of the trial court under Rule 52.08(c).
The judgment of the trial court dismissing the petition of the plaintiff class is reversed and the cause is remanded to the circuit court for further proceedings.
All concur.