Charles L. WARD, III, and Krystal Hogan, a minor, by and through her next friend Mildred Hogan, Plaintiffs/Respondents/Cross–Appellants,

v.

STATE FARM LIFE INSURANCE COMPANY, Defendant/Appellant/Cross–Respondent.

Nos. 60958, 61148.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 21, 1992.

case, brought by the widow of the deceased, seeks the same proceeds.

In children's case, the trial court dismissed State Farm's interpleader action and granted children summary judgment for the proceeds. State Farm appeals and children cross-appeal. We reverse and remand.

## I. Background

In 1983, Jake Schillinger sold a State Farm life insurance policy to Charles L. Ward, Jr., and his wife Yvonne J. Ward. The policy shows Charles as the insured, with Yvonne as an additional insured. The policy had an initial benefit of $50,000; however, it was a decreasing term policy based on a 30 year mortgage at 12%.

The policy provides that the beneficiary is stated in the application for the policy, unless later changed. Although the policy states the application is attached to it, we were not provided with a copy of the application. Children's petition alleges that the named beneficiaries were "all children of the insured."

Charles L. Ward, Jr., died on June 4, 1989. At that time, the policy's death benefit was $49,150. His widow filed a claim with State Farm. Shortly thereafter, plaintiff Charles L. Ward, III, a child from a previous marriage, filed his claim with State Farm.

### A. *Widow's Lawsuit*

In October, 1989, widow sued State Farm and Jake Schillinger. She alleged Schillinger sold a policy which was designed to pay the surviving spouse sufficient funds "to pay off the mortgage on the family home." She further alleged Schillinger filled out the application and represented that the policy was appropriate "for their needs and requests." Following her husband's death, State Farm informed her that she was not the beneficiary. Rather, "all the children of insured" was the beneficiary designation.

State Farm sought leave to add the deceased's children as parties. Widow consented. In January, 1990, State Farm filed

Kathi L. Chestnut, Evans & Dixon, St. Louis, for defendant-appellant.

R. Michael Fischer, Clayton, for plaintiffs-respondents.

GRIMM, Presiding Judge.

Children of the deceased brought this action seeking the proceeds of a State Farm life insurance policy. A companion

a counterclaim and a crossclaim for inter-pleader, naming the children* as parties.

The son, Charles L. Ward, III, moved to dismiss the interpleader action. His motion was not furnished to us. In May, 1990, the trial court sustained the motion and dismissed State Farm's counterclaim and crossclaim for interpleader without prejudice.

### B. *Children's Lawsuit*

In September, 1990, while widow's lawsuit was pending, children filed this action. They alleged they were entitled to the policy proceeds, and that State Farm had vexatiously refused to pay them.

In October, 1990, State Farm moved to add widow as a party and filed a counterclaim and crossclaim for interpleader. Children filed a motion to dismiss the counterclaim and crossclaim. The trial court sustained the motion in April, 1991.

In May, 1991, children filed a motion for summary judgment. The trial court partially granted the motion and awarded the policy proceeds to children. Thereafter, on State Farm's motion for summary judgment, the trial court denied children's claim for vexatious refusal to pay.

### II. State Farm's Appeal

State Farm alleges on appeal that the "trial court erred in dismissing [its] counterclaim and crossclaim for interpleader." It contends "interpleader of the life insurance proceeds and joinder of [widow] as a party" was appropriate because State Farm "had received non-frivolous competing claims for the proceeds."

■ There are only two requirements for an interpleader action: "(1) that persons have claims against the party and (2) that those claims are of such nature that the party may be exposed to double or multiple liability." *Roosevelt Federal Savings & Loan Ass'n v. First National Bank of Clayton*, 614 S.W.2d 289, 291 (Mo.App. E.D.1981); Rule 52.07.

* Charles L. Ward, Jr., apparently had two chil-

■ A court has discretion "in ascertaining whether a dispute of fact upon which the right to interplea turns is is [sic] real and substantial or only feigned and colorable. If it is real and substantial ... the court lacks the power to dismiss the petition for interpleader." *State ex rel. Creswell v. Scott*, 491 S.W.2d 343, 346 (Mo.App. E.D.1973). "The fact that one of the claims is tenuous should not justify denying interpleader, so long as the claim 'is not so utterly baseless that the stakeholder's assertion of multiple claims is not made in good faith.'" *General American Life Ins. Co. v. Wiest*, 567 S.W.2d 341, 344, n. 1 (Mo.App.E.D.1978) (citations omitted).

■ The two claims filed with State Farm are both for the proceeds of the insurance contract and ostensibly expose State Farm to double liability for a single liability. The trial court erred in dismissing the interpleader action.

Children, however, look to widow's petition rather than to her initial claim. They assert State Farm is not exposed to double liability because (1) widow's cause of action sounds in negligence while children's sounds in contract, and (2) State Farm did not have a good faith fear as to widow's claim because Schillinger was not an agent of State Farm, but rather an independent contractor. They rely on *M.F.A. Mutual Ins. Co. v. Hill*, 320 S.W.2d 559 (Mo.Div. 2 1959). In that case, M.F.A. brought an interpleader action against two occupants of an automobile involved in an accident. M.F.A.'s insured was the owner of the car, and M.F.A. asserted that the owner was not driving. *Id.* at 561–62.

M.F.A. contended that juries in the two actions could make inconsistent findings with respect to the identity of the driver, and each of those findings would not bar recovery in the other action. *Id.* at 564. Thus, they argued, interpleader was appropriate.

Our supreme court upheld dismissal of the interpleader claim. The court found the causes of action were distinct and independent and would not subject M.F.A. to

dren, Charles L. Ward, III, and Krystal Hogan.

double liability with respect to one liability. *Id.* at 564.

The present action is distinguishable from *M.F.A.* Here, children's petition includes a claim for death benefits under the insurance policy. Widow's petition includes a claim for the amount of death benefits she allegedly would have received under the policy but for the negligence of Schillinger. Thus, both claims arise out of State Farm's one life insurance policy.

Further, widow and son each filed a claim directly with State Farm for the policy benefits. Under these facts, State Farm was exposed to double liability for a single liability, that is, for the benefits owed under the insurance policy.

■ Children also assert that State Farm was not entitled to interplead because it lacked a good faith fear of widow's claim. *See General American,* 567 S.W.2d at 344, n. 1. A good faith fear of an adverse claim "means only that the claims alleged must meet a 'minimum threshold level of substantiality' and does not refer to the actual merits of such claims." *Id.* (citation omitted).

In their brief, children state, "The only way that [State Farm] could be exposed to 'double liability' would be if it is true that Jacob Schillinger was an employee or servant of [State Farm] and we all know this is false." However, in widow's petition, she asserted Schillinger was State Farm's employee and that he acted within the scope of his employment in selling the policy to decedent and widow. This pleading, combined with the claim form widow filed with State Farm, is a sufficient basis for State Farm to have a good faith fear of an adverse claim from widow.

■ Having improperly dismissed the interpleader claim and overruled the motion to join indispensable parties, the trial court was without jurisdiction to proceed. *See Aetna Life Ins. Co. v. Litteer,* 621 S.W.2d 376, 380 (Mo.App.W.D.1981). Thus, the trial court was without jurisdiction to enter summary judgment for children on their proceeds claim or for State Farm on the children's vexatious refusal to pay claim.

The summary judgments are reversed and we remand to the trial court.

### III. Children's Appeal

Children's brief contains three points relied on. The first one states:

THE REFERENCES TO YVONNE WARD'S DEPOSITION SHOULD BE STRICKEN AND DISREGARDED.

Please see Plaintiffs' objection to Defendant's motion to file supplemental legal file. Although Yvonne Ward's deposition was mentioned in Defendant's motion for summary judgement and other pleadings, Plaintiffs were not notified of said deposition. The copy of the deposition or pages of the deposition referred to were never served on Plaintiffs or Plaintiffs' attorney. The deposition was not filed in the trial court and is not properly part of the legal file or record in this appeal.

■ A party's point relied on complies with Rule 84.04 when the "challenged ruling of the trial court is concisely stated, the rule of law … which it is asserted the court should have applied is set forth and the evidentiary basis upon which it is contended that the asserted rule is applicable is specified." *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978). Clearly, children's point does not comply with the first two requirements. Children's other two points are equally deficient.

However, we have examined these points *ex gratia.* As to this first point, suffice to say we have not considered Yvonne Ward's deposition. Further, we sustain children's objection to State Farm's motion for leave to file supplemental brief as it relates to depositions.

The second point refers to failure to disqualify State Farm's counsel. We find no error. An extended discussion would serve no jurisprudential value.

The third point refers to error in granting State Farm's motion for summary judgment on the issue of vexatious delay. As previously stated, the trial court did not

have jurisdiction to enter that judgment at the time it was entered.

CRANDALL, J., and CHARLES B. BLACKMAR, Senior Judge, concur.