Yvonne WARD,
Plaintiff/Respondent/Cross–Appellant,

v.

Jake SCHILLINGER and State Farm Life Insurance Company, Defendants/Appellants/Cross–Respondents,

and

Charles Ward, III and Krystal Hogan,
Intervenors/Appellants.

Nos. 62142 to 62144.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 23, 1993.

**444**

Kathi L. Chestnut, St. Louis, for Jake Schillinger and State Farm.

R. Michael Fischer, Clayton, for Charles L. Ward, III and Krystal Hogan.

Coggan R. Mills, Sally Austin Mills, Clayton, for respondent.

STEPHAN, Judge.

Yvonne Ward, the widow of decedent Charles L. Ward, Jr., brought this action in October 1989 against State Farm Life Insurance Company ("State Farm") and Jake Schillinger, its alleged employee, for negligence and fraudulent misrepresentation. Yvonne Ward claimed that Schillinger was negligent and that State Farm was negligent under a theory of vicarious liability for Schillinger's failure to list Yvonne Ward ("Widow") as the beneficiary on decedent's life insurance policy when it was purchased in 1983. Instead, the insurance policy as issued listed "all children of the insured" as beneficiary.

In count one for negligence, widow sought damages of $49,000.00, equalling the amount of the insurance policy proceeds. Her count two for fraudulent misrepresentation sought actual and punitive damages of $150,000.00 against State Farm and Schillinger.

While widow's lawsuit against State Farm was pending, Charles Ward, III, and Krystal Hogan, the children of decedent, also filed a lawsuit against State Farm in September 1990 seeking the proceeds of the same life insurance policy. The children's lawsuit ultimately resulted in an appeal to this court. We issued our decision in that case in *Ward v. State Farm Life Insurance Co.*, 833 S.W.2d 484 (Mo.App.1992), on July 21, 1992.

In the interim, widow's lawsuit had proceeded to trial on April 27, 1992. Prior to trial, in May 1990, the circuit court had dismissed State Farm's counterclaim and cross-claim for interpleader. On April 29, 1992, the jury returned a verdict of $49,150.00, attributing 40% fault to widow and 60% fault to Schillinger. The jury further found State Farm responsible for the percentage of fault assessed against Schillinger. The trial court entered judgment pursuant to the jury verdict and, later, its amended judgment which deleted nearly $8,000.00 in interest from the original award. All parties appeal.

■ State Farm appeals the judgment on nine different grounds. Widow cross-appeals concerning the amended judgment's deletion of nearly $8,000.00 from the original judgment. She has failed to brief this issue. We deem her cross-appeal abandoned. Rule 84.-14(a). The children of decedent also appeal, joining in State Farm's position that they should have been allowed to intervene in this action. We reverse the judgment of the trial court in light of our earlier decision in *Ward v. State Farm Life Insurance Co.*, 833 S.W.2d 484 (Mo.App.1992).

■ The facts pertaining to both the widow's and children's lawsuits are set forth in *Ward*. We need not protract this opinion by their detailed reiteration. It suffices to note that in both *Ward* and this case, State Farm had sought an interpleader of the life insurance proceeds because State Farm "had received non-frivolous competing claims for the proceeds." *Ward*, 833 S.W.2d at 486. In both instances each of the trial courts dismissed State Farm's interpleader action. In *Ward* this court observed that widow and decedent's children each had filed a claim directly with State Farm for the policy benefits. *Ward*, 833 S.W.2d at 487. We further stated that, under these facts, State Farm was exposed to double liability for a single liability owed under the insurance policy. *Id.* This court reversed and remanded holding that the trial court improperly dismissed the interpleader action and improperly overruled the motion to join in an indispensable party. *Ward*, 833 S.W.2d at 487.

The same facts are operative here. Unfortunately, the trial court in the instant case did not have the benefit of the guidance of

our decision in *Ward.* *Ward* was handed down after the notice of appeal had been filed in this case. Nevertheless, we believe *Ward* to be dispositive. Accordingly, the judgment of the trial court is reversed and remanded.

GARY M. GAERTNER, C.J., and SMITH, J., concur.