**Clifford W. EDMUNDSON, Petitioner,**

v.

**Dr. Jesse D. HARRIS, Respondent.**

**No. 15340-1.**

United States District Court
W. D. Missouri, W. D.

March 22, 1965.

Clifford W. Edmundson, pro se.

F. Russell Millin, U. S. Atty., John Harry Wiggins, Asst. U. S. Atty., Kansas City, Mo., for respondent.

JOHN W. OLIVER, District Judge.

We shall treat certain papers recently filed by petitioner as an application for habeas corpus and request for other relief.

On January 13, 1965, petitioner filed a motion in which he requested that we order the authorities at Springfield, Missouri Medical Center to permit him to keep and maintain his "legal file" in his quarters as a part of his personal property where, apparently he could work on them rather than in the legal work room provided for all inmates.

On February 26, 1965, during the interval of time during which the Government was responding to our order to show cause issued in connection with petitioner's first motion, petitioner filed a motion to be transferred to Saint Elizabeth Hospital. On March 11, 1965, before we could act on petitioner's pending requests, petitioner filed a paper praying that a speedy hearing be held in regard to his petition for transfer. Running throughout the papers filed are allegations that petitioner has attempted suicide in the past and that he contemplates suicide in the future unless he is transferred to another federal institution.

The files and records show that petitioner is a military prisoner serving a 35 year sentence for murder. He is in Springfield Medical Center on transfer from Leavenworth, pursuant to Section 4241 of Title 18, United States Code. The files and records also show that defendant has been given access to the legal work room in accordance with the regulations applicable to all inmates; that he has made full use of the legal work room; that additional periods of work could and would have been scheduled for petitioner had he requested it, which he did not; that under the regulations no inmate is granted permission to work on or to keep his personal legal file in his living quarters; and that petitioner has already been advised by the Attorney

General of the United States that transfers from one federal institution to another are made by the Attorney General only upon the recommendation of the institution, which obviously has not been made in petitioner's case.

■ Our Brother Becker in Austin v. Harris, W.D.Mo.1964, 226 F.Supp. 304, reviewed the same legal work room regulation involved in this case. He held, and we agree, that "[e]xcept in exceptional circumstances not here present the Courts will not interfere with uniformly applied institutional regulations governing the times and places for preparing legal papers or governing inter-inmate traffic in legal information or materials." In this case, as in Austin, no exceptional circumstances are alleged. Petitioner's request in that regard must therefore be denied.

■ Nor may we interfere with the administrative determination that petitioner be treated at Springfield Medical Center rather than Saint Elizabeth Hospital. No unusual circumstances are alleged in that regard, hence we can not be called upon to act. See Rosheisen v. Steele, 8 Cir. 1951, 193 F.2d 273 and Garcia v. Steele, 8 Cir. 1951, 193 F.2d 276, for two of the leading Eighth Circuit cases.

For the reasons stated, all relief requested by petitioner should be and the same is hereby denied.

It is so ordered.