**William N. POLLARD, Appellant,**

v.

**H. R. SWENSON, Warden, Missouri State Penitentiary, Respondent.**

**No. 24621.**

Kansas City Court of Appeals.

Missouri.

Feb. 6, 1967.

William N. Pollard, pro se.

Norman H. Anderson, Atty. Gen., O. Hampton Stevens, Asst. Atty. Gen., Jefferson City, for respondent.

CROSS, Judge.

William N. Pollard, an inmate of the Missouri State Penitentiary, brought this action against the warden of that institution by filing in the Circuit Court of Cole County a writing entitled "Petition for Declaratory Judgment". Plaintiff's petition is unskillfully drawn and contains considerable extraneous matter in the nature of argument and conclusions. Nonetheless, it contains allegations substantially to the effect that plaintiff is a prisoner confined in the penitentiary as the result of a criminal conviction; that he intends to file a post-conviction legal proceeding in the Supreme Court to challenge the validity of the judgment under which he is held as a prisoner; that the medical records of certain United States army hospitals pertain to plaintiff and his mental condition, and are essential to the preparation of his post-conviction proceeding; that pursuant to plaintiff's request by mail "said records were issued by the United States Government" and mailed to plaintiff at the penitentiary but were intercepted by defendant warden and withheld from plaintiff; that the records referred to consist of "85 pages of photostatic copies of Army Records of William N. Pollard" and contain "Enlistments, Discharges, Medical findings of several Boards and Officers"; that the warden and his agents and clerks are still holding possession of the documents in question, have refused plaintiff's numerous requests for their possession and will not allow him to make copies thereof or use them in preparing his intended legal proceeding, and, that "he is entitled to review the records before seeking a review in the courts of Mis-

souri". From further allegations of the petition to the effect that prior to the trial at which plaintiff was convicted he underwent a mental examination by a court appointed physician, that such examination was perfunctory and was made under circumstances "which were not favorable to such an examination to my prejudice", it is reasonably inferable that plaintiff intends to assert, as a ground for attacking the legality of his conviction and imprisonment, that he was denied the legal right to have a reasonably sufficient mental examination in connection with the defense of his case, and was thereby prejudiced, and that he desires to use the "mental records" as evidence on that question. In concluding his petition plaintiff says "this Honorable Court should issue a Writ of Quo Warranto against the respondant to present the petitioner's Mental Records, Documents in Court to be dealt with according to Law, and that said Records and Documents be ordered submitted to the petitioner hence forthwith". He finally prays that "this Court will order his relief sought herein granted and the petitioner's Mental Documents and Records to be properly restored and delivered to the petitioner so he may proceed to petition for relief of grievances from his prison imprisonment". Attached to the petition was an "Application for Subpoena Duces Tecum" asking that the warden be required to produce in court, for inspection therein and as evidence, "all Mental Records and Documents" concerning plaintiff.

The defendant warden filed no responsive pleading, made no appearance in the cause, and stood in default when the trial court rendered its judgment, apparently without hearing or any appearances, as shown by the following quoted portion of the transcript: "Thereafter, on September 21, 1965, the Court takes up and considers Petition for Declaratory Judgment and for Quo Warranto, together with Application for Subpoena Duces Tecum, and having considered said petitions and being fully advised in the premises, enters the following

order on the docket: Application for subpoena duces tecum, for Declaratory Judgment and for Quo Warranto denied". Plaintiff in proper time filed an appeal addressed to the Supreme Court. Thereafter that court determined it was without jurisdiction and transferred the cause to this court. Pollard v. Swenson, Mo., 403 S.W. 2d 601.

We have no brief from plaintiff in conventional form. Defendant has filed a brief in response to which plaintiff has filed what he designates as a "Reply Brief". From the latter document and portions of plaintiff's petition labeled "Arguments" and "Conclusions" we understand plaintiff's contentions to be that he is entitled to inspect and "to review the records" presently in the warden's possession, and further entitled to an order of court directing that official to deliver to him possession of the records. Our disposition of this appeal is governed by Civil Rule 73.01(d) V.A.M.R., by which we are required to review the case de novo upon both the law and the evidence and thereby reach our own conclusions. Wilber v. Wilber, Mo.Sup., 312 S.W.2d 86; 10A Mo. D., Declaratory Judgments, Key No. 393. However, our review necessarily will be confined to questions of law, since there is no evidence before us.

The trial court's judgment denying plaintiff any relief on his petition without hearing evidence thereon is tantamount to a ruling that the petition is insufficient as a claim for relief, and is in effect a dismissal of plaintiff's action. The propriety of such action depends upon whether the averments of the petition "invoke substantive principles of law which entitle plaintiff to relief". Wells v. Henry W. Kuhs Realty Company, Mo.Sup., 269 S.W. 2d 761, 47 A.L.R.2d 1038. To that question we now direct attention and proceed to examine the petition, particularly from the standpoint of whether its averments are sufficient to entitle plaintiff to declaratory relief. Here noted are certain principles

applicable to the question: The declaratory judgments statutes are remedial in their nature. Their purpose is to afford relief from uncertainty and insecurity and such statutes are to be liberally construed. Rowland v. City of St. Louis, Mo.App., 327 S.W.2d 505; Section 527.120 V.A.M.S. A declaratory judgment action is a particularly appropriate method for determining the powers and duties of the various governmental agencies, but in such cases the court must be presented with a justiciable controversy appropriate for judicial determination. City of Joplin v. Jasper County, 349 Mo. 441, 161 S.W.2d 411. A petition for a declaratory judgment must present a real and substantial controversy admitting of specific relief as distinguished from an advisory decree upon a hypothetical state of facts. Transport Manufacturing and Equipment Co. v. Toberman, Mo.Sup., 301 S.W.2d 801. In determining the sufficiency of a petition to state a claim for declaratory relief, the question is not whether the petition shows that plaintiff is entitled to a declaration in accordance with the theory he states, but rather, whether he is entitled to a declaration of rights at all. Transport Manufacturing and Equipment Co. v. Toberman, supra; City of Creve Coeur v. Creve Coeur Fire Pro. Dist., Mo.Sup., 355 S.W.2d 857. The pertinent question in determining whether a petition states a claim for declaratory relief is whether under the allegations made plaintiff has stated enough to invoke substantive principles of law which entitle him to some relief. "And it is not decisive that a plaintiff is not entitled to all the relief sought, so long as he has averred enough to entitle him to some relief. Anderson, Declaratory Judgments, ·Vol. 1, Sec. 307, pp. 708, 709". City of Creve Coeur v. Creve Coeur Fire Pro. Dist., supra.

■ After considering the petition in the light of the principles above stated, we reach the conclusion that the pleading is sufficient as a statement of a claim for declaratory relief. Its averments establish without question that there is a justiciable controversy between plaintiff prisoner and defendant warden in that the former claims to have the legal right to inspect, copy and possess the documents in question, and the latter disputes the existence of such right. The controversy as pleaded is real, substantial and presently existing, and it admits of specific relief as distinguished from an advisory decree upon a hypothetical state of facts. It has given rise to uncertainty as to plaintiff's legal rights in the premises and defendant's duty as an administrative official. The pleading invokes a remedy peculiarly appropriate for terminating the controversy since it involves a question relating to the powers and duties of the defendant warden as the representative of a governmental agency.

■ It is our opinion that under the averments of plaintiff's petition he is at least entitled to a declaration as to whether or not he has a legal right to inspect, copy, use or take the mental records into his possession. This question may not be resolved except by a consideration of all pertinent facts and circumstances as may be shown by evidence. Factors of highly material significance in the court's determination would be the nature of the documents themselves as the res of the controversy; the civil rights and status of plaintiff as a convicted prisoner under confinement subject to reasonable regulation and control by prison authorities as permitted by Section 216.020 V.A.M.S.; and, the extent of lawful authority vested in the defendant warden by the cited statute to impose reasonable and uniformly applied regulations upon inmates of the penal institution in his charge in the interest of its orderly administration.[1] The trial court's denial of declaratory relief without evidence to de-

1. See Austin v. Harris, D.C., 226 F.Supp. 304; Edmundson v. Harris, D.C., 239 F. Supp. 359; Bailleaux v. Holmes, D.C., 177 F.Supp. 361; 24 Mo.Dig., Prisons, ☞ 4; 42 Modern Federal Practice Dig. Prisons, ■

velop the facts essential to a proper determination of the controversy was error.

As a reviewing court we are not able to determine the issues raised by the petition without evidence before us. Consequently the cause will be remanded for further proceedings at which evidence may be heard. V.A.M.R., Civil Rules 73.01 (d), 83.13; Saville v. Bradshaw, Mo.Sup., 359 S.W.2d 676; In re M——P——S——, Mo. App., 342 S.W.2d 277; Buchanan v. Cabiness, 240 Mo.App. 829, 221 S.W.2d 849. And, after evidence is heard, it will be for the trial court to rule the litigated issues, both of law and fact, in the first instance. Although certain questions have been briefed and submitted to us as appeal issues we withhold comment thereon. Such discussion at this time would be premature and inappropriate since those issues have not been developed by evidence. It is not the function of this court on appeal from a judgment of dismissal to make an analysis of the law under which the rights are claimed or to determine whether plaintiff is entitled to the declaratory relief he seeks in accordance with the theory he states. City of Creve Coeur v. Creve Coeur Fire Pro. Dist., Mo.Sup., 355 S.W.2d 857.

Defendant's brief presents the point that "Declaratory judgment was not the proper action" and argues that "the court may never grant coercive relief". The point and argument are without basis. Standard text authority and Missouri decisions are in agreement that in a declaratory judgment action the court is not restricted to a mere declaration of rights in granting relief but may also administer affirmative or coercive relief. Borchard, Declaratory Judgments, pp. 428–438; Anderson, Declaratory Judgments, Second Ed., Sec. 451, pp. 1055, 1061; Mashak v. Poelker, Mo.App., 356 S.W.2d 713; City of Creve Coeur v. Creve Coeur Fire Pro. Dist., Mo.Sup., 355 S.W.2d 857. See also, Hyde, Declaratory Judgments, 26 Wash.

U. Law Quarterly, 484, 485. On the subject, Borchard (pp. 432–433) states the following: "The advantage of combining alternative or cumulative prayers for relief, declaratory and coercive, in one petition, is considerable. While it is true that every traditional judgment carrying a coercive decree necessarily involves some finding or adjudication on the fact or law, as a foundation for the decree, the advantage of praying a specific finding of the rights of the parties, supplemented by injunction, damages, specific performance, etc., lies in the fact that, while the injunction or other decree may for some technical reason be withheld or denied, the declaration may yet be issued and, as a conclusive determination of the rights of the parties, serves all essential purposes. Execution is ancillary to adjudication, and can easily be obtained should the adjudication be defied".

Defendant also submits that plaintiff's request for a writ of quo warranto should be refused. With this contention we must agree. Obviously plaintiff misconceives the nature and purpose of a proceeding pursuant to an information in the nature of a quo warranto. "The writ of quo warranto is not a substitute for mandamus or injunction nor for an appeal or writ of error. It is not to be used to prevent an improper exercise of power lawfully possessed. Its purpose is solely to prevent an officer or a corporation or persons purporting to act as such from usurping a power which they do not have". State ex inf. McKittnick v. Murphy, 347 Mo. 484, 148 S.W.2d 527. See Civil Rule 98 V.A.M.R. "Quo Warranto".

Accordingly, the judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

HOWARD, P. J., concurring.

BLAIR, J., not participating.