**Robert A. MATTHEWS et al., Appellants,**

v.

**CITY OF ST. ANN, Missouri, et al.,**
**Respondents.**

**No. 54504.**

Supreme Court of Missouri,
Division No. 2.

Sept. 14, 1970.

Donald M. Witte, Clayton, for appellants.

William R. Dorsey, Clayton, for respondents.

MORGAN, Judge.

By their petition filed August 2, 1968, plaintiffs sought a declaratory judgment pursuant to Civil Rule 87 and Chapter 527, V.A.M.S. The trial court sustained defendants' motion for summary judgment. Plaintiffs have appealed. We reverse and remand.

From the petition of some thirty-eight pages, factually, it appears: that plaintiffs are "residents, property owners, citizens, registered voters, and taxpayers of the City of St. Ann, County of St. Louis" and that they brought this action for the benefit of themselves and others similarly situated; that defendant city is a municipal corporation of the fourth class existing under the provisions of Chapter 79, V.A.M.S.; that defendant Clarence G. Tiemeyer since April, 1957, has been the duly elected mayor of said city and has continuously received the compensation payable to the occupant of that office; that on September 19, 1960, the Board of Aldermen of the city enacted Ordinances Nos. 325 and 326; that No. 325 created the office of Director of Public Works and provided, "A person shall not be disqualified from holding this office by reason of his election or holding any

other office in the City," and in Section 4 thereof declared, "The Director of Public Works shall be the Chief Executive and Administrative Officer of the City * *."; that No. 326 appointed defendant Tiemeyer, the mayor, as Director of Public Works, and that to date of filing the petition said defendant had been paid $43,383.89 in this appointive office in addition to his compensation as mayor; that defendant August Gramlich since April, 1953, has been a duly elected alderman of the city; that during August, 1965, he was appointed Building Inspector for the city, and since that date has been paid approximately $12,000 in said appointive office while receiving the regular compensation paid an alderman.

Based upon the assertion that such expenditures of public funds are illegal, plaintiffs contend that they as taxpayers have a special and peculiar interest, distinct from that of the ordinary inhabitants of the city, which permits their maintenance of this action. In general they requested that the trial court resolve the following: (1) the validity of an ordinance creating an appointive office which provided that the holder thereof would be the chief executive officer of the city when the people had elected a mayor to act in such capacity, (2) the propriety of one person acting as mayor and also as director of public works when such offices were incompatible, (3) whether or not the office of mayor was forfeited by the acceptance of the additional appointive office, (4) the propriety of an alderman serving in a dual capacity as building inspector when the duties of the latter were supervised by the board of aldermen, (5) whether or not such additional compensation violated the constitutional restriction against increasing compensation for an elected official during his term in office, (6) whether or not the office of alderman was forfeited by acceptance of the additional appointive office, and (7) whether or not defendants Tiemeyer and Gramlich should be ordered to reimburse the public treasury of defendant city for funds received from either the elective or appointive offices.

After answering by way of a general denial, defendants Tiemeyer, Gramlich and the city filed a Motion For Summary Judgment on January 17, 1969. It was alleged that plaintiffs did not have legal status to maintain the action; that Ordinance No. 325 was repealed on September 23, 1968 (after suit was filed); that defendant Tiemeyer resigned as director of public works on August 30, 1968, but remained as mayor; that on December 16, 1968, defendant Gramlich resigned as alderman but remained as building inspector; and, that no genuine issue remained for decision by the trial court. Attached to the motion were the following affidavits: (1) that of defendant Tiemeyer confirming his resignation as director of public works, (2) that of defendant Gramlich that he had resigned as alderman, and (3) that of the clerk of defendant city, which by inference only, indicated No. 325 had been repealed by Ordinance No. 562. The latter was captioned: "An Ordinance Defining the Duties of the Office of Director of Public Works of the City of St. Ann, Missouri and setting forth his powers and duties."

The trial court sustained defendants' motion with the following entry: "Judgment granted in favor of all defendants and against plaintiffs because the controversy is now moot as to the declaratory judgment and injunction."

The principles by which we are to determine if the trial court erred in so ruling were recently enunciated in Stanturf v. Sipes, Mo., 447 S.W.2d 558. Therein, it was held, loc. cit. 560: "Summary judgment is authorized where, but only where, the 'pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' Civil Rule 74.04(c), V.A.M.R. In addition to the above, it is further provided that 'In no case shall a summary judgment be rendered on issue triable by jury or the court without a jury unless the prevailing

party is shown by unassailable proof to be entitled thereto as a matter of law.' Civil Rule 74.04(h), V.A.M.R. 'As its name indicates, a summary judgment is an extreme and drastic remedy and great care should be exercised in utilizing the procedure.' Cooper v. Finke, Mo., 376 S.W.2d 225, 229. The appellate court, as well as the trial court, must view the record on summary judgment in the light most favorable to the party against whom the judgment is rendered. Anderson v. Steurer, Mo., 391 S.W.2d 839, 842."

Initially, there can be no argument that defendants did by the filing of a general denial put at issue all of the allegations of the petition. The later affidavits of defendants Tiemeyer and Gramlich, that each had resigned from one of the two allegedly incompatible offices each had purportedly held, presumably would have made moot the prayer that defendants be enjoined from continuing to hold two offices at one time. However, on the record as made, several issues remained. For instance: (1) whether or not the office of director of public works was incompatible with that of mayor and if the acceptance of the former operated as a forfeiture of the latter, (2) whether or not the office of building inspector was incompatible with that of an alderman, (3) whether or not the payment of salaries to either while acting in such a dual capacity was an illegal expenditure of public funds, (4) whether or not such expenditures were in violation of Art. 7, Sec. 13, 1945 Constitution of Missouri, V.A.M.S., prohibiting an increase in the compensation of "municipal officers" during their term in office, and (5) whether or not plaintiffs, as taxpayers, may recover for the city such funds, if any, that are found to have been illegally expended. In addition, the affidavit of the city clerk that Ordinance 325 had been repealed by Ordinance 562 does not answer plaintiffs' challenge that the designation of the director of public works as the chief executive officer of the city was an illegal delegation of authority, for the reason there is no showing the duties of such office were changed by No. 562. See Pearson v. City of Washington, Mo., 439 S.W.2d 756.

Although such issues remain unresolved, " * * * it is not the function * * * of this court on appeal from a judgment of dismissal to make an analysis of the law under which the rights are claimed or to construe the statutes in question or to determine on the merits whether plaintiff is entitled to the declaratory relief he seeks in accordance with the theory he states." City of Creve Coeur v. Creve Coeur Fire Pro. Dist., Mo., 355 S.W.2d 857, loc. cit. 859–860. " * * * after evidence is heard, it will be for the trial court to rule the litigated issues, both of law and fact, in the first instance * * * discussion at this time would be premature and inappropriate since those issues have not been developed by evidence." Pollard v. Swenson, Mo.App., 411 S.W.2d 837, 842.

Nevertheless, in view of defendants' argument that in no event were plaintiffs, as taxpayers, proper parties to bring the action, we mention Civil Rule 87.02(a), which provides, in part: "Any person * * * whose rights, status or other legal relations are affected by a * * * municipal ordinance * * * may have determined any question of construction or validity arising under the * * * ordinance * * * and obtain a declaration of rights * * * thereunder." This court held in Berghorn v. Reorganized School Dist. No. 8, 364 Mo. 121, 260 S.W.2d 573, 581: "It is admitted that plaintiffs and each of them are residents and taxpayers of the state of Missouri and of their respective school districts. As such taxpayers, there can be no question as to their right and legal capacity to bring and maintain this action for themselves and on behalf of all others similarly situated to enjoin the unlawful expenditure of public funds. In such case proof of illegal and unconstitutional expenditure of such public funds is sufficient to show private pecuniary injury, because of the taxpayers equitable ownership of such funds and his liability to replenish any deficiency resulting from the misappropriation."

Denial of declaratory relief without evidence to develop the facts essential to a determination of the controversy was error.

Accordingly, the judgment is reversed and the cause is remanded for further proceedings.

FINCH, J., concurs in separate concurring opinion filed.

DONNELLY, P. J., concurs and concurs in separate concurring opinion of FINCH, J.

FINCH, Judge.

I concur in the principal opinion except that I should point out that when title to an office is involved, the exclusive method for determining that issue is by a proceeding in quo warranto, State ex rel. Blue v. Waldo, 222 Mo.App. 396, 5 S.W.2d 653[5], see also State ex rel. Junior College District of Sedalia v. Barker, Mo., 418 S.W.2d 62, and that the recital in the principal opinion of issues remaining in the case should not be construed as indicating otherwise.