CITY OF JACKSON, Missouri,
Plaintiff-Respondent,

v.

HERITAGE SAVINGS AND LOAN ASSO-
CIATION and First Federal Savings and
Loan Association, Defendants-Respon-
dents,

and

Cape County Bank and Jackson Ex-
change Bank and Trust Company,
Defendants-Appellants.

Nos. 44337, 44287.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 20, 1982.

Motion for Rehearing and/or Transfer
Denied Sept. 17, 1982.

Application to Transfer Denied
Oct. 18, 1982.

David G. Beeson, Buerkle, Lowes, Beeson & Ludwig, Jackson, J. Michael Payne, Limbaugh, Limbaugh, Russell & Syler, Cape Girardeau, for defendants-appellants.

Kenneth L. Waldron, Waldron & Turnbow, Jackson, for plaintiff-respondent.

Richard G. Steele, Cape Girardeau, for First Fed. Sav. & Loan Ass'n.

SMITH, Presiding Judge.

The City of Jackson filed a petition for declaratory judgment to seek resolution of certain questions involving the deposit of city monies. Joined as defendants were two banks (Jackson Exchange and Cape County) and two savings and loan associations (Heritage and First Federal). The City specifically asked the trial court (1) whether it could deposit funds in more than one institution at the same time, (2) whether it could deposit funds in savings and loan associations, and (3) whether its ordinance providing for deposit of funds in "banking institutions in the City of Jackson, Missouri,

in such amounts so that the City funds in such banking institutions shall be of as nearly equal amounts as possible" was valid. The trial court gave an affirmative answer to the first two questions, a negative answer to the third question, and both banks appealed. Those appeals were consolidated. The financial institutions have been respectively joined in briefing before this court by the Missouri Bankers Association and Missouri Savings and Loan League as *amici curiae.*

Before us, the parties and *amici* have devoted much of their efforts to an exposition of whether Sec. 369.194,[1] authorizing investment by political subdivisions or instrumentalities of the state in savings and loan associations, is constitutional in view of Mo.Const. Art. VI, § 23, precluding such subdivisions from owning stock in "any . . . association." If such an issue must be resolved on this appeal, Mo.Const. Art. V, § 3, does not provide jurisdiction for us to make such a resolution. We do not find such resolution necessary because the trial court lacked jurisdiction to enter a judgment in the absence of a justiciable controversy.

■ Sec. 527.020 provides, "Any person . . . whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder." *See also,* Rule 87.02(a). A municipal corporation is a "person" under the statute. Sec. 527.130, Rule 87.05. The statute further provides that the listing is not exclusive and the Rule provides that anyone may maintain a declaratory judgment action "in any instance in which it will terminate a controversy or remove an uncertainty." Sec. 527.-050, Rule 87.02(d). We are admonished that the law is remedial and is to be liberally construed and administered. Sec. 527.120; *Pollard v. Swenson,* 411 S.W.2d 837 (Mo. App.1967) [3–10].

1. All statutory references are to RSMo. 1978.

However, despite the broad language of the statute and rule, courts are limited in the circumstances in which they may properly issue a judgment. For the court to have jurisdiction, even in a declaratory judgment case, it must have before it a "justiciable controversy." *City of Joplin v. Jasper County,* 349 Mo. 441, 161 S.W.2d 411 (1942) [2–4]; *Pollard v. Swenson, supra,* [3–10]. The petition[2] must present a real, substantial, presently existing controversy admitting of specific relief as distinguished from an advisory decree upon a hypothetical situation. The question is not whether the petition shows that plaintiff is entitled to a declaration in accordance with the theory he states, but whether he is entitled to a declaration at all. *Pollard v. Swenson, supra.* Plaintiffs must show that they have a legally protectible interest at stake and that the question they present is appropriate and ripe for judicial decision. The facts on which the decision is demanded must have accrued so that the judgment declares the existing law on an existing state of facts. *Higday v. Nickolaus,* 469 S.W.2d 859 (Mo.App.1971) [1–3]. A mere difference of opinion or disagreement or argument on a legal question does not afford adequate ground for invoking the judicial power. *Tietjens v. City of St. Louis,* 359 Mo. 439, 222 S.W.2d 70 (banc 1949) [1–4]. "No justiciable controversy exists . . . unless an actual controversy exists between persons whose interest are adverse in fact . . . . Actions are merely advisory when there is an insufficient interest in either plaintiff or defendant to justify judicial determination, i.e., where the judgment sought would not constitute a specific relief to one party or the other. Such actions are merely advisory when the judgment would not settle actual rights. If actual rights cannot be settled the decree would be a pronouncement of only academic interest." *State ex rel. Chilcutt v. Thatch,* 359 Mo. 122, 221 S.W.2d 172 (banc 1949) [5–7]. To qualify as "any person" under the statute, a party seeking a declaratory judgment must have a legally protectible interest at stake and the declaration sought must be of a question appropriate and ready for judicial resolution. "A legally protectible interest contemplates a pecuniary or personal interest directly in issue or jeopardy which is subject to some consequential relief, immediate or prospective." *Absher v. Cooper,* 495 S.W.2d 696 (Mo.App.1973) [1–4].

Having set forth these oft-recited principles we turn to the specifics of the case before us. Plaintiff's petition alleged that it is a city of the fourth class and set forth the nature and location of the defendants. It stated that each of the banks are depositories for plaintiff's funds. The banks desire to remain so to the exclusion of the savings and loan associations, although Heritage in fact has funds of plaintiff on deposit. Plaintiff's current ordinance provides that city funds "shall be deposited in all banking institutions in the City . . . in such amounts so that the City funds in such banking institutions shall be of as nearly equal amounts as possible." The petition then sets forth the provisions of Secs. 95.-355, 110.010, and 110.020, and alleges that 369.325(3) [sic] states that accounts of savings and loan associations are legal investments for funds of municipalities in Missouri. The petition then alleges that the City has "received numerous requests" from the savings and loan defendants for deposit of city funds and this has created a "perplexing problem of where a Fourth Class City in Missouri can or cannot deposit its funds." The petition then cites two opinions of the Attorney General which are alleged to be inconsistent, one of which would appear to preclude the city from depositing funds in more than one depository. It is alleged that there are no reported decisions on the subject.

---

**2.** There is some confusion in the law as to whether the court should look only to the petition in determining the existence of a justiciable controversy, or may also look to the answer, or even to the entire record. Compare *Pollard v. Swenson, supra, Land Clearance For* Redevelopment Authority v. City of St. Louis, 270 S.W.2d 58 (Mo. banc 1954) [2], *City of Joplin v. Jasper County, supra.* Here we find no such controversy regardless of what we examine.

Plaintiff's remaining allegations deal with intensification of questions and problems; media coverage; direct and indirect pressure being applied to city officials; the need for judicial clarification and construction; the concerns of city officials about having a checking account; their concern about the process of purchasing tax bills and city bonds; and the position of the savings and loan association officers that they could not purchase tax bills and might not be able to purchase bonds. The petition concluded by asserting that the competition between banks and savings and loan associations and the economic climate have intensified problems and pressures facing City officials presenting an actual controversy between plaintiff and all defendants, so that plaintiff needs a judicial determination to avoid future controversy and legal exposure for incorrect actions "that may result from inactment [sic] of an invalid ordinance relating to deposit of funds."

The prayer asked the court to find and declare (1) whether Plaintiff is required to deposit its funds in one or more banking institutions, (2) "whether and under what circumstances may Plaintiff deposit funds in savings and loan associations . . .," (3) whether plaintiff's Ordinance 1897 is valid and complies with Missouri law, and, if not, "the proper wording for same." There was nothing in the answers of the parties indicating an actual justiciable controversy. The defendants did allege a difference of opinion as to whether deposits could be made in a savings and loan association, and one bank made an unadorned allegation that Ordinance 1897 is "invalid."

▮ Notable by their absence are any allegations of any incipient litigation, demands, or claims of right by any defendant to the deposits of the city. Equally notable is the absence of any allegation of legal challenge by anyone to the present ordinance or depository practices of the city. Section 95.355 provides that boards of aldermen in fourth class cities *may* select a depository for the funds of their cities. Such a grant vests a discretion in the board in selecting such depository. It does not compel the exercise of that discretion in any way. The board has exercised that discretion in Ordinance 1897, and, while some or all of the defendants may prefer a different exercise of that discretion, none have made a specific challenge to the legality of the ordinance. No challenge has been leveled at the practice of the City in depositing funds in an institution which may not be a "banking institution" under the ordinance nor have the parties raised any question about the meaning of the term "banking institution" in the ordinance. Viewing the petition in its most controversial light, it seeks at most a declaration from the court of what would be the legal status of a different ordinance if and when the city passes one pursuant to requests from some of the defendants.[3] This would not be a declaration of existing law to existing fact, but purely an advisory opinion on a hypothetical state of facts. It does not present a justiciable controversy.

Under certain circumstances a city may seek a declaration of the validity of its own ordinances as in *City of Nevada v. Welty,* 356 Mo. 734, 203 S.W.2d 459 (1947). There the city sued to have an ordinance outlawing stockpens in a given area declared valid. The owner had refused to remove the stockpens and the city sought a declaratory judgment to determine its liability for removing the stockpens itself. The Supreme Court found such a declaration was not advisory because the city and the defendant were involved in a present controversy over the validity of the ordinance and the parties' rights thereunder. For the reasons previously discussed, we find no such present controversy here.

▮ We also find no justiciable controversy because of the allegedly conflicting opinions of the Attorney General. Such

---

**3.** The record does reflect that the Board passed a different ordinance, allowing use of savings and loan associations as depositories, which was vetoed by the mayor because of doubts of its validity. The veto was not overridden. Whether the city would again pass such an ordinance is speculative at best.

opinions merely establish a difference of opinion on a question of law and such difference of opinion does not establish a justiciable controversy. *Gershman Investment Corp. v. Danforth,* 517 S.W.2d 33 (Mo. banc 1974).

We do not lack appreciation of the fact that the law regarding deposit of municipal funds in savings and loan associations has not been definitely addressed in this state by the courts. We also appreciate that resolution of the underlying issue is a matter of importance to financial institutions and municipalities throughout the state. But, it is not the province of the courts to render advisory opinions on abstract or hypothetical questions of law arising from differences of opinion of the law. It is the province of courts to adjudge actual legal controversies between parties. We find no such actual legal controversy here sufficient to invoke the jurisdiction of the courts.

Judgment reversed and remanded with directions to dismiss plaintiff's petition for lack of jurisdiction.

SATZ and PUDLOWSKI, JJ., concur.