Dear Mr. Fleischaker:
This letter is in response to your question asking:
 May a county court permit a savings and loan association to bid to be a depository of county funds pursuant to Sections 110.130
through 110.150 RSMo., and may a savings and loan association be awarded the contract as depository if its bid is accepted.
Sections 110.130 to 110.150, RSMo 1978 and RSMo Supp. 1984, authorize county courts to enter into depositary contracts with "banking corporations or associations" at the county seat upon a competitive bid procedure. See also Sections 52.020 and 52.360
to 52.400, RSMo 1978 and Supp. 1984. The "banking corporation or association" language in the County Depositary Law appears to have originated in 1889 Mo. Laws 81-83. Missouri-chartered savings and loan associations are organized under Chapter 369, RSMo 1978 and RSMo Supp. 1984. Chapter 369, RSMo 1978 and RSMo Supp. 1984, appears to have as its earliest ancestor the Building and Loan Association Law enacted at S.B. 96, 1897 Mo. Laws 91-94. The "banking corporation or association" language that originated in 1889 could hardly have included a type of organization first recognized by the laws of Missouri in 1897.[1]
However, Section 369.194, RSMo Supp. 1984, states:
 1. Accounts in insured associations are legal and proper investments or depositaries for fiduciaries of every kind and nature, all political subdivisions or instrumentalities of this state, insurance companies, business and nonprofit corporations, charitable or educational corporations or associations, all financial institutions of every kind and character, all pension, endowment and scholarship funds both public and private, and each and all of them may invest funds in accounts in such associations.
The director of the division of savings and loan supervision shall by regulation permit associations to pledge funds or assets in connection with the investment of public funds in accounts of associations, and may provide that accounts in associations shall be legal investments for any persons, firms, corporations or entities not herein specifically referred to. Notwithstanding anything to the contrary, accounts prohibited to a mutual association are prohibited to a capital stock association.
 2. Notwithstanding any restrictions or limitations contained in any other law of this state, accounts in any association may be accepted by any agency, department or official of the state of Missouri in any case wherein such agency, department or official acting in its or his official capacity requires that securities be deposited with such agency, department or official. [Emphasis added.]
In Opinion No. 82, Sims, 1959 (withdrawn), this office took the position that Section 369.325, RSMo Supp. 1957, a predecessor of the statute quoted above, was invalid as contravening the prohibition in Article VI, Section 23, Missouri Constitution, against political subdivisions owning or subscribing for stock in any corporation or association. At the time, it appeared that most, if not all, savings and loan associations were "mutual" associations. Although capital stock associations are now authorized, Section 369.194.1, RSMo Supp. 1984, states in part: "Notwithstanding anything to the contrary, accounts prohibited to a mutual association are prohibited to a capital stock association." In Opinion No. 148, White, 1970, this office reversed its decision in the 1959 opinion and concluded that Section 369.325, RSMo 1969, was constitutional. Implicit in the holding of that opinion was our conclusion that counties may invest funds in insured savings and loan associations. The courts have not yet addressed the issue.See City of Jackson v. Heritage Savings and Loan Association,639 S.W.2d 142 (Mo.App. 1982). Since our 1970 opinion was issued, we have relied on Section 369.194.1, RSMo Supp. 1973, by finding that school districts may use savings and loan associations as depositaries. Opinion No. 62, Mallory, 1975.
Statutes must be read in pari materia. Where one statute deals with a subject in general terms and another deals with the same subject in a more minute way, the two should be harmonized if possible, but to the extent of any repugnancy between them the specific governs over the general. State ex rel. Fort ZumwaltSchool District v. Dickherber, 576 S.W.2d 532, 536-537 (Mo.Banc 1979).
Here, we find no conflict. Sections 110.130 to 110.150, RSMo 1978 and RSMo Supp. 1984, authorize county depositary contracts with banking corporations or associations. Section 369.194, RSMo Supp. 1984, merely expands or enhances this power by authorizing counties to make depositary contracts with savings and loan associations. Reading these provisions in harmony, we conclude that Section369.194, RSMo Supp. 1984, and Sections 110.130 to 110.150, RSMo 1978 and RSMo Supp. 1984, authorize county depositary contracts with savings and loan associations.
Therefore, it is our view that county depositary contracts with insured savings and loan associations are authorized.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
[1] In Opinion No. 69-83 this office concluded that the State Treasurer may not deposit state funds in savings and loan associations, because the term "banking institution" in Article IV, Section15, Missouri Constitution, does not include savings and loan associations.