**COTTLEVILLE COMMUNITY FIRE PROTECTION DISTRICT,**
Plaintiff/Respondent,

v.

**Mary MORAK,**
Defendant/Appellant/Cross–Respondent,

and

**William Arnold,**
Defendant/Respondent/Cross–Appellant.

Nos. 66593, 66631.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 2, 1995.

Rollings, Gerhardt, Borchers, Stuhler, Carmichael & Gartner, P.C., Rebecca R. Dennis & James A. Borchers, St. Charles, for Morak.

Franz & Franz, P.C., Robert K. Sweeney, St. Louis, for Arnold.

McCarthy, Leonard, Kaemmerer, Owen, Laderman & Lamkin, Michael K. Kaemmerer & Louis Laderman, Chesterfield, for respondent.

KAROHL, Judge.

Mary Morak, a member of the Cottleville Community Fire Protection District's Board of Directors, appeals a declaratory judgment interpreting Missouri statutes §§ 105.452–105.454 RSMo Cum.Supp.1993, regarding public officers' conflict of interest. The trial court found she must recuse herself from voting or discussing various matters before the board because her husband is a district firefighter. We must dismiss the appeal because (1) the trial court lacked subject matter jurisdiction to enter a judgment in the absence of a justiciable controversy, and (2) the declaratory judgment statute does not authorize interpretation of a criminal statute.

The Cottleville Community Fire Protection District is a municipal corporation organized pursuant to Chapter 321 of the Missouri statutes. An elected three-member Board of Directors governs all district firefighters, who are represented by the International Association of Firefighters, Local 3410. On April 6, 1993, Mary Morak was elected a member of the board. She is married to a district firefighter. Once elected, another board member, William Arnold, raised the issue of Morak's conflict of interest due to her husband's employment. On November 29, 1993, at a board meeting, Arnold made a motion to prohibit Morak from voting on or participating in any discussion regarding the following:

A. The Budget.
  1. The budget in its entirety.
  2. Non-union compensation and benefits.
B. Policy and procedures.
  1. Employee manual.
  2. Standard operating procedures.

C. Written hiring and promotion procedures.

D. Officer review procedures for the newly-promoted.

E. Promotion and hiring of personnel.

F. Disciplinary matters.

G. The Phoenix test (physical agility test).

Henry Graham, the third board member, seconded the motion. However, the motion did not pass because Arnold voted "no," Morak voted "yes," and Graham abstained. The directors unanimously agreed to file a declaratory judgment to determine Morak's right to participate in the matters listed in Arnold's motion. The trial court found Morak could not vote or participate in various matters.

Section 527.010 RSMo 1986 authorizes a circuit judge in accord with § 527.020 RSMo 1986 to declare rights, status and other legal relations for:

> Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.

The purpose of this declaratory judgment action was to request a circuit judge to interpret §§ 105.452(1) and (2) RSMo Cum.Supp. 1993 and § 105.454(3) RSMo Cum Supp.1993. These sections prohibit activities by elected and appointed public officials and employees which may constitute conflicts of interest.

■■■ We find and hold that an interpretation of the rights of the litigants in this case is not authorized by the declaratory judgment act. The conflict of interest statute is criminal in nature, not civil. Section 105.478 defines the penalties for violation as either a misdemeanor or felony, depending upon the number of violations. No civil penalties for violation of §§ 105.452–105.454 are

prescribed. A criminal statute must be sufficiently clear on its face to inform the public what is defined as criminal conduct. There is no need for a circuit judge to utilize the declaratory judgment statute to interpret the meaning of a criminal statute. Moreover, a civil judgment would not be binding upon the state. It would therefore be legally meaningless.

We also find the trial court lacked subject matter jurisdiction because there was no existing justiciable controversy. Even in a declaratory judgment case there must be a justiciable issue. *City of Jackson v. Heritage Savings and Loan Association,* 639 S.W.2d 142, 144 (Mo.App.1982). The petition does not allege a real substantial presently existing controversy admitting of specific relief as distinguished from an advisory decree upon a hypothetical situation. *Id.*

Our jurisdiction is dependent upon finding jurisdiction of the circuit court to enter a judgment. *City of St. Peters v. Department of Natural Resources of the State of Missouri,* 797 S.W.2d 514, 517 (Mo.App.1990). This appeal is dismissed because the trial court never acquired subject matter jurisdiction to enter a judgment.

AHRENS, P.J., and SIMON, J., concur.