

# In the Missouri Court of Appeals
# Eastern District

**WRIT DIVISION SIX**

| | | |
|---|---|---|
| STATE OF MISSOURI, ex rel., | ) | No.  ED104648 |
| THE REGIONAL CONVENTION AND | ) | |
| SPORTS COMPLEX AUTHORITY, | ) | |
| | ) | |
| Relator, | ) | |
| | ) | Writ of Mandamus |
| vs. | ) | Circuit Court of St. Louis County |
| | ) | Cause No. 16SL-CC01099 |
| THE HONORABLE MICHAEL D. | ) | |
| BURTON, | ) | |
| | ) | |
| Respondent. | ) | Filed:  December 20, 2016 |

The Regional Convention and Sports Complex Authority ("Relator") filed a petition for writ of mandamus seeking to compel the Honorable Michael D. Burton ("Respondent") to stay arbitration of the claims in Relator's petition for declaratory judgment and to reinstate the cause on the circuit court's docket.  This Court issued a preliminary order in mandamus and ordered briefing.  Our preliminary order in mandamus is made permanent.

## I. BACKGROUND

### A. The Underlying Action

In the underlying action, Relator filed a three-count petition for declaratory judgment against The St. Louis Rams, LLC ("Defendant") in the Circuit Court of St. Louis County on March 24, 2016.  The action pertains to a section of a Training Facility Lease ("the Lease") entered into between the parties on May 1, 1996.  Under the terms of the Lease, Relator agreed

to lease real property located in Earth City, St. Louis County, Missouri, including all improvements thereon or to be constructed thereon, for use by the Defendant as a football training facility ("the training facility property"), in exchange for Defendant's payment of rent. The claims in Relator's petition for declaratory judgment seek a declaration of rights under the Lease; specifically, the claims seek a declaration that language contained in Paragraph 38 of the Lease which purportedly grants Defendant an option to purchase the training facility property for the sum of $1.00 is void and of no force and effect because the Lease expired or, alternatively, because it violates Missouri law.

**B.      The Parties' Filings and Arguments Relating to Whether the Underlying Action is Subject to Arbitration, Relevant Terms of the Parties' Lease, and Respondent's Order and Judgment**

Defendant filed a motion to compel arbitration of the underlying action and a memorandum in support, alleging the claims in Relator's petition for declaratory judgment fall within the scope of arbitration provisions found in Paragraph 45 and Schedule I of the Lease. Paragraph 45 of the Lease, titled "Arbitration," provides in relevant part: "All disputes between the [p]arties hereto arising out of th[e] Lease shall be subject to the provisions of, and adjudicated in accordance with, the Arbitration Agreement attached hereto as Schedule I, the terms and provisions of which are incorporated herein . . .." (emphasis omitted).  Schedule I of the Lease provides in relevant part: "Any controversy, dispute or claim between the [p]arties hereto including, without limitation, any claim arising out of, in connection with, or in relation to the interpretation, performance or breach of th[e] Lease shall be settled by arbitration . . . Such arbitration shall be the exclusive dispute resolution mechanism . . .."

Subsequently, Relator filed a memorandum in opposition to Defendant's motion to compel arbitration and a motion to stay arbitration.  Relator argued the arbitration provisions

2

found in Paragraph 45 and Schedule I of the Lease are invalid and unenforceable under Missouri law because they are unconscionable, lack mutuality, and are not supported by adequate consideration. In the alternative, Relator argued the Lease does not require every dispute to be arbitrated and specifically does not require actions for declaratory judgment to be arbitrated. In support of the preceding argument, Relator relied on language contained in Paragraphs 30, 41, 26, and 28 of the Lease, which respectively refers to and contemplates, (1) a party seeking relief in a "proceeding to . . . declare rights" under the Lease and subsequently obtaining a "judgment"; (2) the right of a party "to institute suit"; (3) the right of a party to obtain "cumulative . . . remedies at law or in equity"; and (4) "litigation between the [p]arties [ ] concerning th[e] Lease." The context of this language contained in Paragraphs 30, 41, 26, and 28 of the Lease is as follows.

> Paragraph 30 of the Lease, titled "Attorneys' Fees," provides in relevant part:
>
> In any *proceeding to* enforce the terms hereof or *declare rights hereunder*, *the Prevailing Party (as hereafter defined) in such proceeding* shall be entitled to reasonable attorneys' fees and costs. The term 'Prevailing Party' shall include, without limitation, *a Party who* substantially *obtains* or defeats *the relief sought*, as the case may be, whether *by* compromise, settlement, *judgment*, or the abandonment by the other Party of its claim or defense . . ..

(emphasis added and omitted). Paragraph 41 of the Lease, titled "Performance Under Protest," provides in relevant part:

> If at any time a dispute shall arise as to any amount or sum of money to be paid by one Party to the other under the provisions hereof, the Party against whom the obligations to pay the money is asserted shall have the right to make payment 'under protest' and such payment shall not be regarded as a voluntary payment and there shall survive *the right on the part of said Party to institute suit* for recovery of such sum . . ..

(emphasis added). Paragraph 26 of the Lease, titled "Cumulative Remedies," provides: "Subject to the arbitration provisions set forth in Paragraph 45 hereof, no remedy or election hereunder

shall be deemed exclusive but shall, wherever possible, be *cumulative* with all other *remedies at law or in equity*." (emphasis added). And finally, Paragraph 28 of the Lease, titled "Binding Effect; Choice of Law," provides in relevant part: ". . . Any *litigation between the Parties hereto concerning th[e] Lease* shall be initiated in the City or County of St. Louis." (emphasis added).

After Relator filed its memorandum in opposition to Defendant's motion to compel arbitration and its motion to stay arbitration, both parties filed reply memorandums and Respondent held a hearing on the parties' motions. Respondent then entered an order and judgment granting Defendant's motion to compel arbitration, denying Relator's motion to stay arbitration, and dismissing the underlying action.[1]

## C.    The Instant Writ Proceeding

Relator subsequently filed the instant petition for writ of mandamus seeking to compel Respondent to stay arbitration of the claims in Relator's petition for declaratory judgment and to reinstate the cause on the circuit court's docket. Relator's petition did not challenge the validity or enforceability of the parties' alleged agreement to arbitrate as it did in the proceeding before Respondent. Instead, Relator alleged Respondent erred in granting Defendant's motion to compel arbitration because the Lease does not require every dispute to be arbitrated and specifically does not require actions for declaratory judgment to be arbitrated, as evidenced by, *inter alia*, the language contained in Paragraphs 30, 41, 26, and 28 of the Lease which is set out above. Relator's petition also alleged Respondent erred in dismissing Relator's petition because Respondent's proper course of action, upon finding arbitration was compelled, was to stay the action pending arbitration.

---

[1] Portions of Respondent's order and judgment will be set forth in relevant part in Section II.B. of this opinion.

Pursuant to an order of this Court, Defendant filed suggestions in opposition on Respondent's behalf. Thereafter, we issued a preliminary order in mandamus which ordered Respondent to reinstate the cause on the circuit court's docket, to stay the order compelling arbitration, and to refrain from all other action in the premises until further notice. Our preliminary order in mandamus also directed Respondent to file an answer and ordered briefing, specifically requesting the parties to focus on the issue of whether they entered into a valid and enforceable agreement to arbitrate pursuant to Missouri law. Defendant filed an answer and affirmative defenses on Respondent's behalf, and Relator and Defendant then filed briefs with our Court.

## II. DISCUSSION

### A. This Court's Authority to Issue a Writ of Mandamus in this Case and General Law

Pursuant to the Missouri Constitution, our Court has the authority to "issue and determine original remedial writs," including the extraordinary writ of mandamus. Mo. Const. art. V, section 4.1; *State ex rel. Isselhard v. Dolan*, 465 S.W.3d 496, 498 (Mo. App. E.D. 2015); *see State ex rel. Hewitt v. Kerr*, 461 S.W.3d 798, 805 (Mo. banc 2015). "A litigant seeking relief by mandamus must allege and prove that he has a clear, unequivocal, specific right to a thing claimed." *Kerr*, 461 S.W.3d at 805 (quotations omitted). In addition, an appellate court will not issue an original remedial writ in any case where there is an adequate remedy on appeal. *Id.*; Missouri Supreme Court Rule 84.22(a) (2016).

Mandamus is an appropriate remedy when alternative remedies would waste judicial resources or result in a burdensome delay, creating irreparable harm to the litigants. *Kerr*, 461 S.W.3d at 806. Absent the use of mandamus, where a motion to compel arbitration was improperly granted, a litigant would be required to proceed to arbitration even in a case where

his contract did not require arbitration of his claims, resulting in "duplicative and unnecessary additional litigation," and "a failure of judicial efficiency." *See id*. Therefore, there is no adequate remedy on appeal where a motion to compel arbitration is at issue, and a writ of mandamus is an appropriate mechanism to review whether a motion to compel arbitration was improperly granted. *Id*. at 805, 806.

Whether a trial court should have granted a motion to compel arbitration is a question of law which an appellate court reviews de novo. *Eaton v. CMH Homes, Inc.*, 461 S.W.3d 426, 431 (Mo. banc 2015). A party may only be compelled to arbitrate if, (1) the parties have entered into a valid agreement to arbitrate under Missouri contract law; (2) the specific dispute at issue falls within the substantive scope of that agreement; and (3) the arbitration agreement is not subject to revocation under applicable contract principles. *See Dunn Indus. Group, Inc. v. City of Sugar Creek*, 112 S.W.3d 421, 427-28 (Mo. banc 2003); *Jimenez v. Cintas Corporation*, 475 S.W.3d 679, 683 (Mo. App. E.D. 2015); *Kohner Properties, Inc. v. SPCP Group VI, LLC*, 408 S.W.3d 336, 342 (Mo. App. E.D. 2013).

**B.      Whether Defendant's Motion to Compel was Improperly Granted**

For purposes of this appeal only, we assume *arguendo* that Relator and Defendant have entered into a valid agreement to arbitrate under Missouri contract law and that the agreement is not subject to revocation under applicable contract principles. Furthermore, in determining whether Defendant's motion to compel was improperly granted, we limit our analysis to whether the declaratory judgment claims raised in Relator's petition filed in the Circuit Court of St. Louis County fall within the substantive scope of the parties' alleged agreement to arbitrate, finding this issue to be dispositive.

6

### 1.    Relevant Law

Whether a dispute is covered by arbitration is a question of law which an appellate court reviews de novo.  *Dunn*, 112 S.W.3d at 428.  In determining whether a dispute is covered by arbitration, a court first must determine whether the arbitration provision is broad or narrow. *Kansas City Urology, P.A. v. United Healthcare Services*, 261 S.W.3d 7, 11 (Mo. App. W.D. 2008); *see Dunn*, 112 S.W.3d at 428.  While a broad arbitration provision purports to cover all disputes arising out of a contract, a narrow arbitration provision limits arbitration to specific types of disputes.  *Dunn*, 112 S.W.3d at 428; *Manfredi v. Blue Cross and Blue Shield of Kansas City*, 340 S.W.3d 126, 130-31 (Mo. App. W.D. 2011) (en banc).

However, if a court determines an arbitration provision is broad, this does not end the court's inquiry into the question of whether a particular dispute falls within the substantive scope of the parties' alleged agreement to arbitrate.  *See Dunn*, 112 S.W.3d at 429-30; *Manfredi*, 340 S.W.3d at 130-31.  Instead, "[a]s part of the scope analysis . . . the court must also look to any exclusions or exceptions contained in the [parties'] agreement," because arbitration of a claim should not be compelled where there is forceful evidence suggesting the parties intended to exclude a particular claim from arbitration.  *Manfredi*, 340 S.W.3d at 131; *see Dunn*, 112 S.W.3d at 429.  "Language excluding certain disputes from arbitration must be clear and unambiguous or unmistakably clear."  *Dunn*, 112 S.W.3d at 429.

Under federal and Missouri law, there is a public policy of favoring arbitration.  *Id*. at 427; *Greenwood v. Sherfield*, 895 S.W.2d 169, 173-74 (Mo. App. S.D. 1995).  Accordingly, any doubts as to arbitrability are to be resolved in favor of arbitration, and "[a] motion to compel arbitration of a particular dispute should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted

7

dispute." *Dunn*, 112 S.W.3d at 429; *see Greenwood*, 895 S.W.2d at 174. Nevertheless, a public policy favoring arbitration is not enough, standing alone, to extend the application of an arbitration provision beyond its intended scope because arbitration is a matter of contract. *Kohner*, 408 S.W.3d at 346; *Greenwood*, 895 S.W.2d at 174. Simply stated, "a party cannot be required to arbitrate a dispute that it has not agreed to arbitrate." *Dunn*, 112 S.W.3d at 435.

The usual rules and canons of contract interpretation govern the determination of whether a specific dispute falls within the substantive scope of a parties' agreement to arbitrate. *Kohner*, 408 S.W.3d at 342. The primary rule of contract interpretation is to determine the intent of the parties and give effect to that intent. *Dunn*, 112 S.W.3d at 428. If a contract is unambiguous, i.e. is not susceptible to fair and honest differences, the intent of the parties is to be determined from the contract alone, by reading the terms of the contract together as a whole and giving each term its plain, ordinary, and usual meaning. *Id*. at 428-29. Further, "each term of a contract is construed to avoid rendering other terms meaningless," and "[a] construction that attributes a reasonable meaning to all the provisions of the agreement is preferred to one that leaves some of the provisions without function or sense." *Id*. at 428.

### 2. Whether Arbitration Provisions in the Parties' Lease are Broad

In this case, Paragraph 45 of the Lease, titled "Arbitration," provides in relevant part: "All disputes between the [p]arties hereto arising out of th[e] Lease shall be subject to the provisions of, and adjudicated in accordance with, the Arbitration Agreement attached hereto as Schedule I, the terms and provisions of which are incorporated herein . . .." (emphasis omitted). Additionally, Schedule I of the Lease provides in relevant part: "Any controversy, dispute or claim between the [p]arties hereto including, without limitation, any claim arising out of, in connection with, or in relation to the interpretation, performance or breach of th[e] Lease shall be

8

settled by arbitration . . . Such arbitration shall be the exclusive dispute resolution mechanism . . .."

Relator argues Paragraph 45 and Schedule I of the Lease are not broad arbitration provisions because four other parts of the Lease contain terms referring to litigation. Relator specifically points to language contained in Paragraphs 30, 41, 26, and 28 of the Lease, which respectively refers to and contemplates, (1) a party seeking relief in a "proceeding to . . . declare rights" under the Lease and subsequently obtaining a "judgment"; (2) the right of a party "to institute suit"; (3) the right of a party to obtain "cumulative . . . remedies at law or in equity"; and (4) "litigation between the [p]arties [ ] concerning th[e] Lease."

Respondent made the following findings relevant to this argument in his order and judgment:

> This court is troubled by the fact that many of the terms of the Lease address other means of resolving the parties' differences. If all disputes were to be resolved by arbitration, it makes little sense that there would be any mention of 'judgments' (as opposed to awards), 'litigation between the parties' (as opposed to arbitration between the parties), 'remedies at law or in equity' and 'institut(ing) suit.' If <u>all</u> disputes between these parties relating to the Lease were to be addressed by arbitration, this court is puzzled as to why these non-arbitration terms would ever be mentioned at all. If arbitration resolves all disputes here, other options have no place in this lease.
>
> . . .
>
> This court has not seen a Missouri case that addresses the enforcement of an arbitration clause with as many apparent inconsistencies as the . . . Lease . . ..

(emphasis in original).

While our Court agrees with Respondent's findings regarding the inconsistencies in the Lease and we are similarly troubled and puzzled, we are not persuaded by Relator's argument that Paragraph 45 and Schedule I of the Lease are not broad arbitration provisions because four other parts of the Lease contain terms referring to litigation. This is because Missouri case law

9

reveals that in determining whether an arbitration provision is broad or narrow, a court looks to the language of the arbitration provision itself rather than other allegedly inconsistent provisions in the parties' contract. *See e.g., Dunn*, 112 S.W.3d at 428-30; *Manfredi*, 340 S.W.3d at 130-31. In this case, we hold the arbitration provisions in Paragraph 45 and Schedule I of the Lease are broad, because they purport to cover "[a]ll disputes between the [p]arties hereto arising out of th[e] Lease" and "[a]ny controversy, dispute or claim between the [p]arties hereto including, without limitation, any claim arising out of, in connection with, or in relation to the interpretation, performance or breach of th[e] Lease." *See Manfredi*, 340 S.W.3d at 130-31 (finding a broad arbitration provision purports to cover any disputes arising out of a contract); *see, e.g., Kohner*, 408 S.W.3d at 345 and *Kansas City Urology, P.A.*, 261 S.W.3d at 11-12 (finding similar language in arbitration provisions to be broad).

**3.      Whether There are Any Exclusions or Exceptions Contained in the Lease Suggesting the Parties Intended to Exclude Declaratory Judgment Claims from Arbitration**

Having determined the arbitration provisions found in Paragraph 45 and Schedule I of the Lease are broad, we now turn to whether there are any exclusions or exceptions contained in the Lease suggesting the parties intended to exclude declaratory judgment claims from arbitration. *See Manfredi*, 340 S.W.3d at 131. In this case, Relator claims language in Paragraph 30 suggests the parties intended to exclude declaratory judgment claims from arbitration.

Paragraph 30 of the Lease, titled "Attorneys' Fees," provides in relevant part:

In any *proceeding to* enforce the terms hereof or *declare rights hereunder*, *the Prevailing Party (as hereafter defined) in such proceeding* shall be entitled to reasonable attorneys' fees and costs. The term "Prevailing Party" shall include, without limitation, *a Party who* substantially *obtains* or defeats *the relief sought*, as the case may be, whether *by* compromise, settlement, *judgment*, or the abandonment by the other Party of its claim or defense.

(emphasis added and omitted). In other words, Paragraph 30 of the Lease explicitly refers to and contemplates a party seeking relief in a "proceeding to . . . declare rights" under the Lease and subsequently obtaining relief by a "judgment." Because the terms "proceeding," "declare rights" and "judgment" are not specifically defined in the Lease, we apply the plain, ordinary, and usual meaning of the words, referencing other case law and the dictionary for guidance. *See Dunn*, 112 S.W.3d at 428; *see also Dorris v. State*, 360 S.W.3d 260, 267 (Mo. banc 2012) (referring to definitions of a term found in other case law and the dictionary when term was undefined in a Missouri Supreme Court Rule); *Car Wash Specialties, LLC v. Turnbull*, 465 S.W.3d 481, 487 (Mo. App. E.D. 2015) (referring to dictionary definition of term when term was undefined in a contract).

"[A] 'proceeding' is a word much used to express the business done in courts." *ChampionsWorld, LLC v. U.S. Soccer Federation, Inc.*, 487 F.Supp.2d 980, 989 (N.D. Ill. 2007) (quoting *Black's Law Dictionary* 1221 (7th ed. 1999))[2]; *see Black's Law Dictionary* at 1221 (defining "proceeding" in relevant part as "[t]he business conducted by a court . . ." and "[t]he regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment"). Further, a proceeding to "declare rights" or obtain a "declaration of rights" under a contract is a court action pursuant to Missouri's Declaratory Judgment Act "in which a litigant requests a court's assistance not because any rights have been violated but because those rights are uncertain." *Wiley v. Daly*, 472 S.W.3d 257, 265 (Mo. App. E.D. 2015) (quoting section 527.010 RSMo 2000[3]); *Cottleville Community Fire Protection Dist. v. Morak*, 897 S.W.2d 647, 648 (Mo. App. E.D. 1995) (citing section 527.010 and quoting section 527.020); *Black's Law Dictionary* at 416. Finally, a "judgment" is defined as "[a] court's

---

[2] All further references to *Black's Law Dictionary* are to 7th ed. 1999.

[3] All further statutory references are to RSMo 2000.

final determination of the rights and obligations of the parties in a case." *Black's Law Dictionary* at 846.

The previously-mentioned definitions and case law provide the terms "proceeding," "declare rights" and "judgment" refer to business done in and conducted by courts, the commencement and progression of a lawsuit, court action and assistance for claims for declaratory judgment at a litigant's request, and a court's final determination of the rights and obligations of the parties in a case. In other words, the plain, ordinary, and usual meaning of the terms "proceeding," "declare rights" and "judgment" suggest the parties formulated Paragraph 30 in the language of litigation and court involvement rather than arbitration. *See ChampionsWorld*, 487 F.Supp.2d at 989 (finding similarly with respect to the term "proceeding").

Because Paragraph 30 explicitly refers to and contemplates a party seeking relief in a "proceeding to . . . declare rights" under the Lease and subsequently obtaining a "judgment," and because the plain, ordinary, and usual meaning of those terms clearly and unambiguously suggests the parties intended litigation of claims for declaratory judgment rather than arbitration, we hold Paragraph 30 is forceful evidence suggesting the parties intended to exclude such claims from arbitration. *See Dunn*, 112 S.W.3d at 428-29; *Manfredi*, 340 S.W.3d at 131. To hold otherwise would render Paragraph 30's language referring to a "proceeding to . . . declare rights" and "judgment" meaningless and without function or sense,[4] which is contrary to the rules of contract interpretation. *See Dunn*, 112 S.W.3d at 428.

---

[4] We note that in Respondent's order and judgment granting Defendant's motion to compel arbitration, Respondent found litigation language in Paragraph 30 "essentially serves no purpose."

**4. Conclusion**

Based on the foregoing, we hold Relator's claims for declaratory judgment which seek a declaration of rights under the Lease do not fall within the substantive scope of the parties' alleged agreement to arbitrate. Therefore, Respondent erred in granting Defendant's motion compelling arbitration.[5] *See id*. at 427-28; *Jimenez*, 475 S.W.3d at 683; *Kohner*, 408 S.W.3d at 342.

## III. CONCLUSION

The Preliminary Order in Mandamus is made permanent. Respondent is hereby directed to stay arbitration and to reinstate the cause on the circuit court's docket.

_____
ROBERT M. CLAYTON III, Presiding Judge

Roy L. Richter, J., and
Lisa S. Van Amburg, J., concur.

---

[5] While our holding that Respondent erred in granting Defendant's motion to compel arbitration is dispositive of this writ, we note that had it been proper for Respondent to compel arbitration, Respondent's proper course of action was to stay the action pending arbitration rather than dismissing Relator's petition. *Dotson v. Dillard's, Inc.*, 472 S.W.3d 599, 608 n.6 (Mo. App. W.D. 2015); *Hewitt v. St. Louis Rams Partnership*, 409 S.W.3d 572, 573-74 (Mo. App. E.D. 2013).